JENNEY MFG. Co. *et al. vs.* ZONING BOARD OF REVIEW OF TOWN OF EAST PROVIDENCE.

DECEMBER 5, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

478

BAKER, J. This petition for a writ of *certiorari* is filed for the purpose of having this court review and quash a decision made by the zoning board of review of the town of East Providence. By this decision said board denied the petitioners' application that it grant them an exception or variation from the provisions of the zoning ordinance of

said town in relation to the use of certain specified premises located therein. The writ was issued and the respondent has duly made return to this court of all its records relating to said application and to its decision thereon.

From the record it appears that the premises in question are two adjoining, unimproved lots located on the easterly side of Pawtucket avenue in said town at the corner of that street and Kent avenue. The title to these lots is in the petitioner Ethel B. Neves. The other petitioner, a Massachusetts corporation, is described as the lessee thereof. In 1926 the town of East Providence duly adopted a zoning ordinance and map according to which the lots in question were located in the most restricted residential district, *viz.*, district A. The petitioner Neves purchased these lots in 1931 while they were so districted. In November 1938 the petitioners filed with the said zoning board of review an application for an exception or variation under such zoning ordinance, asking permission to use said lots as the location for a gasoline filling station. The denial of that application after a hearing by the board forms the basis of the petition now before us.

The record shows that the decision of the zoning board of review was as follows:

"1—The district is built up of substantial, one-family houses, occupied and kept in good condition by the owners.

2—That no one except the petitioner appeared in favor of the petition and no consent of any surrounding owner was filed with the Board.

3—That this part of Pawtucket Avenue, zoned residential, extends along Pawtucket Avenue for a distance of approximately one quarter mile in each direction.

4—That the Brightridge School, a public school, is located within 200' of the proposed location.

5—That the petitioner purchased the property in 1931 at which time it was zoned as residential.

Accordingly, the Board feels that the public convenience and welfare will not be substantially served by granting the petition, that on the contrary the appropriate use of neighboring property will be substantially, if not permanently, injured and the Board, therefore, feels in the interest of public welfare and safety of the children that the petition should be, and hereby is, denied."

The rule governing our duty in reviewing a decision of the kind now before us was set out in *Sundlun* v. *Zoning Board of Review,* 50 R. I. 108, at page 116, in the following language: "We hesitate to set aside the determination of public officers in a case of this nature, and it would be improper to do so unless it is clear that their action 'has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense.' *Nectow* v. *City of Cambridge,* 260 Mass. 441 . . . ." See also *Roberts* v. *Zoning Board of Review of the City of Pawtucket,* 60 R. I. 202 and *Robinson* v. *Town Council of Narragansett,* 60 R. I. 422.

In the instant case the petitioners contend that the decision of the zoning board of review of the town of East Providence was erroneous because, among other things, it was not supported by competent evidence; that it was clearly arbitrary; that it did not tend to promote public health, morals, safety or welfare; and that it denied the petitioners the right to put the property in question to the only use to which it is adapted. In addition, the petitioners urge that the instant case is governed by the decision of this court in *Sundlun* v. *Zoning Board of Review, supra.*

In support of their petition before the zoning board of review, they presented only the testimony of the husband of the petitioner Ethel B. Neves. In substance his testimony was that he was interested in the real estate business;

that Pawtucket avenue was a heavily-traveled, main thoroughfare; that in the last twenty years only three residences had been built on that highway in the immediate vicinity of the property in question; that he had lived in that neighborhood only since September 1934; that other parts of Pawtucket avenue were zoned for business; that he attempted to sell the lots in question but was unable to do so; that he is financially unable to build a house on the lots, and would not if he could, as it would not be good judgment to do so; that he attempted, without success, to get others to build residences on the property; that in his opinion the value of the land in that district would be increased if zoned for business; that he pays taxes on the property; that he has had offers to use the lots for stores or a gasoline filling station; that there is a farm across Pawtucket avenue on which there is a foundry, some four or five hundred feet back from that street, and that there is a standpipe and a high-tension wire line not far from the said lots.

This witness also testified that he owned sixty-five per cent of the land within one hundred feet of the premises involved herein. This testimony was undoubtedly introduced because of a provision of the zoning ordinance of the town which is as follows:

"B. *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows: . . .

(8) Permit the location . . . in any residence district . . . of any use authorized in a business district or a commercial district; provided, in either case, there shall be on file with the said board the consents, duly signed and acknowledged, of the owners of 60 per cent

of all the lands within such area as the said board shall
have determined to be specially affected by such pro-
posed use or structure; . . . ."

The respondent board, however, maintains that, after giv-
ing consideration to all the facts and circumstances relating
to the petition before it, its decision was not arbitrary and
that it properly exercised the discretion vested in it in the
interest of public safety and welfare.

The record shows that, at the hearings held by the re-
spondent in connection with the petition, a large number
of owners of property in the immediate vicinity of the lots
in question appeared and objected strongly to the granting
of such petition. They asked that the zoning board of re-
view keep the district residential; and gave evidence that,
in their judgment, the value of their property would be de-
preciated by the presence of a gasoline filling station on the
lots of petitioner Neves, and that such a station would be
an extra hazard to the children attending the public school
on the west side of Pawtucket avenue, almost opposite these
premises. It has been held that such remonstrances of
neighboring landowners are not in any way conclusive on a
zoning board of review and cannot control its action, but
they may properly be taken into consideration by such
board in exercising its discretion and in arriving at its deci-
sion. *Heffernan* v. *Zoning Board of Review,* 50 R. I. 26.

The respondent points out that diagonally across Paw-
tucket avenue is a public school for primary and grammar
grades, and that the school yard is a public playground. It
is admitted that this school and yard are within two hun-
dred feet of the lots for which the variation is sought, and
it is not questioned that such school was in its present loca-
tion at the time the zoning ordinance was passed. The re-
spondent board, in this connection, calls attention to a por-
tion of this ordinance which reads as follows:

"D. *Filling stations.* No filling station shall be erected within 50 feet of a dwelling house or apartment house district or within 200 feet of an entrance or exit of a public or private school, playground, public library, church, hospital, orphanage or children's home existing at the time of the passage of this ordinance; provided that the Zoning Board of Review may on application and after public notice and hearing, and subject to such conditions and safeguards as said board shall deem necessary in the public interest, authorize the erection of a filling station in such districts."

The respondent further maintains that the evidence discloses that the district in the vicinity of the lots involved is entirely residential, and that the petitioners have not filed with the board, as called for by the portion of the zoning ordinance of East Providence first above quoted, the consents of any of the owners of land affected by the proposed use.

Upon consideration, we are of the opinion that the facts and circumstances appearing in the record before us sustain the respondent's decision, regardless of whether or not such portion of said zoning ordinance applies in the present situation or has been complied with by the petitioners. It appears in evidence that the petitioner Neves took title to the lots after the passage of the zoning ordinance, and, therefore, with notice that she was buying property zoned for residential purposes only. Further, the evidence does not reveal that any substantial change in the character of the district in the neighborhood of the lots of petitioner Neves took place after she purchased them up to the time of the hearing before the respondent board. The record on this point tends to show that, if anything, the district had improved. A small candy store in a residence on Pawtucket avenue nearby the property in question was closed not long after the petitioner Neves bought her lots and cannot be reopened. Also, premises on the west side of Pawtucket avenue where dumping was then permitted have now been filled in and such practice is discontinued.

In addition, it appears that these lots are near the center of a section of Pawtucket avenue three thousand feet in length, over half a mile, which is zoned entirely for residential purposes. Further, the close proximity of the school and playground to the property involved gave the board wide discretion under the zoning ordinance, in passing upon petitioners' application for an exception or variation, and can reasonably be considered as bearing a substantial relation to the public safety, particularly of the children attending the school, by reason of possible increased traffic hazards.

In our judgment, the evidence in this case does not present a situation, such as was referred to in *Heffernan* v. *Zoning Board of Review, supra,* where, in the circumstances of a particular case, a zoning ordinance completely deprives a landowner of all beneficial use of his land, thereby causing special and great hardship, so that a zoning board should exercise its discretion in favor of a petitioner to prevent complete confiscation of his land without compensation. In the instant case it is clear that the property of petitioner Neves is adapted for and can be used for residential purposes. Notwithstanding the assertion that the property cannot be sold, there is nothing in the evidence to indicate whether or not the price at which such property is being held is reasonable; and the fact that said petitioner and her husband are not able or do not care to build is not conclusive in favor of allowing the exception desired.

In our opinion the present case bears many resemblances to *Roberts* v. *Zoning Board of Review, supra,* in which case this court sustained the action of that zoning board of review in refusing an exception or variation. The instant case is clearly distinguishable on its facts from *Sundlun* v. *Zoning Board of Review, supra.* There, among the many differences, the petitioner owned the property in question when the zoning ordinance went into effect; a business was located opposite such property; a very large part of Broad-

way in Pawtucket was zoned for business; and many owners of land in the vicinity approved the petitioner's application for a change of use.

The petitioners seek to raise certain constitutional questions in this case by setting them out in their petition filed in this court. It is well settled that, in an appeal of the kind we are now considering, such constitutional questions are not properly before us and that we do not pass upon them. *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283.

We find, therefore, that the petitioners have not clearly shown that the respondent board acted arbitrarily, and that it abused its discretion in denying the petitioners' application for an exception or variation.

The petition for *certiorari* is denied and dismissed; the decision of the respondent board is affirmed; and the papers in the case are ordered to be sent back to the respondent board.

*Everett D. Higgins, Herbert E. Eklund,* for petitioners.

*William C. H. Brand,* for respondents.