182 A.2d 425 (1962)
William A. REGO et al.
v.
ZONING BOARD OF REVIEW OF the TOWN OF BRISTOL.
M.P. No. 1448.
Supreme Court of Rhode Island.
June 28, 1962.
Raymond A. Thomas, Providence, for petitioners.
Frank L. Martin, Town Sol. of Town of Bristol, for respondent.
FROST, Justice.
This is a petition for a writ of certiorari to review the decision of the respondent zoning board of review denying the petitioners' application for a variance under the zoning ordinance. The writ was issued and the pertinent records have been certified to this court.
The petitioners are the owners of a lot on the northeasterly corner of Metacom avenue and Narrows road, designated as lot No. 33 on assessor's plat No. 138, which lot fronts on Metacom avenue for a distance of 129 feet and extends back more than 300 feet. There is on the land a building 32 feet in width and 74 feet in length which was used by former owners as a cow barn. The lot is zoned L R, which is a limited residence zone.
The petition alleges that in 1957 the then owner of the property applied to the zoning board of review for permission to convert the building into a restaurant and appliance shop; that the tenants at that time never fully utilized the permission given them but did use the barn for storage purposes; that in 1958 petitioner Rego together with the then owner applied to the zoning board for an exception for permission to remodel the building so that it could be used for a bicycle repair shop and a retail appliance store; that subsequently petitioners spent much money in making repairs and did go into the cycle business; and that thereafter they purchased the property.
The petitioners allege that for approximately seven months they have not utilized the building due to vandalism but now desire to use it for a hardware store with appliance storage. The petitioners' request to use a portion of the land area for temporary storage of lumber was later withdrawn *426 in open court and is therefore not now a part of the application.
The pertinent portion of article I, sec. 5 C (3) of the zoning ordinance under which petitioners seek a variance reads as follows:
"To authorize upon application in specific cases such variance to the application of the terms of this ordinance according to the provisions set forth as follows:
"The applicant for a variance from the provisions of this ordinance shall show to the satisfaction of the Board that such relief will not be contrary to the public interest and that owing to special conditions enforcement of the provisions of this ordinance would result in unnecessary hardship to the applicant."
After a hearing at which there were no objectors, the board denied the application and accordingly wrote a letter to counsel for petitioners which states in part:
"The Board finds that the applicant has not established that he will be subjected to an unnecessary hardship if he is confined to a residential use of the premises in question.
"At the hearing no testimony was offered by the applicant bearing on the question of unnecessary hardship.
"You, as Counsel for the applicant, stated that there was a barn on the property in question and that it would be too costly to renovate the same for residential purposes, but said barn was suitable for remodeling into two stores for the purposes stated in the application.
* * * * * *
"The Board finds that the zoning restriction to residential purposes does not create an unnecessary hardship to this applicant. The Board finds that the applicant proposes to renovate the existing structure on the premises in question, which structure is not designed for residential purposes. Under these circumstances the Board feels that the expenditure of an additional amount of money to change the structure to a conforming use does not constitute such unnecessary hardship as is required in the premises, especially in the absent [sic] of a showing that such expenditure would substantially deprive the applicant of the beneficial use of his land."
The petitioners applied for a variance stating in effect that to renovate a barn for residential purposes was too costly. The board accepted the statement that an expenditure of money was necessary to renovate the barn for stores and then stated that the restrictions of the zoning ordinance to residential purposes did not create an unnecessary hardship.
To establish petitioners' contention that a variance should be granted it was necessary for them to show that enforcement of the ordinance would result in unnecessary hardship. They have not shown what the cost of converting the barn to a residence would be or that such cost would be prohibitive, nor have they shown that the land could not be sold for residential purposes.
The board found that unnecessary hardship had not been shown and the court cannot say that the board was in error. Heffernan v. Zoning Board of Review, 50 R.I. 26; Jenney Mfg. Co. v. Zoning Board of Review, 63 R.I. 477; Caldarone v. Zoning Board of Review, 74 R.I. 196; Strauss v. Zoning Board of Review, 72 R.I. 107, 48 A.2d 349.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered sent back to the respondent board with our decision endorsed thereon.
POWERS, J., not participating.