216 A.2d 704.

AVAKIAN FUNERAL HOME, INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

FEBRUARY 10, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J.  This petition for certiorari was brought
to review a decision of the zoning board of review of the
city of Providence wherein the board held that it was with-
out jurisdiction to hear and determine an application for
permission to use a vacant church as a funeral home.  The
writ issued, and pursuant thereto the respondent board re-
turned to this court a certified copy of the proceedings in
the cause.

Applications for permission to use this property as a
funeral home have been considered by the board on three
occasions, and decisions thereon have twice been reviewed
by this court.  The first hearing was held in November 1961,
and the board found "the surrounding properties * * * to be
predominantly residential in character" and that there were
"no commercial uses in the immediate vicinity of the prem-
ises * * *."  The board then denied the application on the
ground that the "introducing of a commercial use upon the
premises in question where non [sic] presently exists would
tend to have an adverse affect [sic] upon the neighboring
residential property values and would also tend to aggra-
vate the traffic problem at the heavily traveled intersection
of Smith Street and Oakland Avenue, thus creating a traf-
fic hazard in the vicinity * * *."

A second application for permission was made in April
1963, and after a hearing thereon the board granted per-
mission for such a use on the ground "that the literal en-
forcement of the Zoning Ordinance would result in unnec-
essary hardship upon the applicant and that the grant of
the requested variance in the application of the terms of
the Ordinance will not be contrary to the public interest

* * *." This decision was brought to this court for review by certain of the objectors. See *Marks* v. *Zoning Board of Review,* 98 R. I. 405, 203 A.2d 761.

This court granted certiorari and quashed the decision granting the variance, holding that this decision constituted a reversal by the board of its prior decision in 1961 without a finding being made that a material or substantial change in circumstances had occurred since the entry of that decision. We noted that boards of review have authority to reverse a prior decision but that that authority is limited. In that opinion at page 763 we said: "The power to reverse an earlier determination, however, is a qualified one and is not to be exercised unless there has been a substantial or material change in circumstances intervening between the two decisions. A reversal of a prior denial of relief should ordinarily be predicated upon a factual situation differing materially from that existing at the time of the earlier decision and the occurrence of a substantial change in conditions is generally a condition precedent to the exercise of jurisdiction."

The application now being considered was made in May 1965. After a partial hearing was held thereon the board concluded that it was without authority to grant relief, saying: "The Board has unanimously ruled that the evidence presented at said meeting has not shown any material change in circumstances and therefore, this Board is without power to reverse its decision of November 7, 1961." It is clear that the board concluded that on the evidence presented to it no material or substantial change in circumstances had been established, and, following the rule laid down in *Marks* v. *Zoning Board of Review, supra,* and *Churchill* v. *Zoning Board of Review,* 98 R. I. 302, 201 A.2d 480, declined to exercise its jurisdiction with respect to this application.

We have examined the transcript of the hearing and ob-

served therein that the applicant, through the testimony of a real estate expert, produced evidence that the volume of traffic on Smith street had been reduced because of the partial completion of Route 95 and that when the freeway system would be completed a very substantial reduction in that traffic volume would result. He testified also that a number of commercial uses have existed in the neighborhood, at least over the five-year period, and that some new commercial uses have been introduced. This testimony appears to go to an intensification of the commercial uses conducted in the neighborhood and was, in some measure, contradicted by that of the objectors.

It is our opinion that the board's decision, which states only its conclusion that no material change in circumstance has been shown, reflects a failure to properly exercise the fact-finding power conferred upon the board and leaves this court with a record from which it is unable to determine whether error inhered therein or not. We noted in *Noyes* v. *Zoning Board of Review,* 94 R. I. 15, that these boards have an obligation to exercise adequately the fact-finding power they possess and to disclose thereby to this court in some reasonable measure the grounds upon which their decisions rest. We said in that case at page 22: "* * * it is the duty of a board of review to exercise the fact-finding power conferred upon it to such an extent that the ultimate facts upon which its decision rests are sufficiently stated to enable this court to intelligently determine on review by certiorari that error of law either does or does not inhere in that decision." The inadequacy of the decision constrains us to hold that this cause must be remanded to the board for a reconsideration of that issue.

We reach this conclusion because we are unable to determine from the decision whether the board based its finding that there had been no change in circumstance on a rejection of the testimony that there are commercial uses in

the vicinity. If this testimony was not so rejected, it is difficult to perceive how the board could have concluded that no change in circumstance had been shown, the finding on which it based its 1961 decision being that there were no commercial uses in the vicinity of the property at that time. The absence of some discernible ground for its present decision confronts us with a question as to whether that conclusion was reached on the basis of some misconception of law relating to the nature of a change in circumstance or as to the scope of its authority to make a finding on the evidence before it.

It may be appropriate then at this time to note that the fact-finding power of the board is comprehensive in its scope and that it is its obligation to weigh the evidence and reach conclusions in the first instance. As we have frequently stated, this court, when it reviews an exercise of the fact-finding power of a board, ordinarily will not weigh the evidence and will sustain the conclusions reached by the board if there is legally competent evidence in the record that supports it.

In the instant case, however, the state of the evidence contained in the record is probative of a change in circumstance so that if, in an exercise of its fact-finding power, the board so finds and concludes that relief should be granted, its reversal of the 1961 decision would not constitute an abuse of its discretion.

The petition for certiorari is granted, the action of the board in refusing to hear and determine the application is quashed, and the cause is remanded to the respondent board for further proceedings in accordance with this opinion.

*John K. Najarian*, for petitioner.

*William E. McCabe*, City Solicitor, *David J. Kehoe*, for respondent.