232 A.2d 382.

LENA MARKS *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JULY 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

546

Powers, J. This is a petition for certiorari which seeks to quash a decision of the zoning board of review granting an application for a variance so as to permit the operation of a funeral home in an R-3 district. We issued the writ and in compliance with its mandate, the respondent board duly certified the appropriate records of their proceedings to this court for our examination.

The same parties, property and varying aspects of the identical relief sought in the instant proceedings were the subjects of previous litigation in this court, and our decisions with respect thereto are reported in *Marks* v. *Zoning Board of Review*, 98 R. I. 405, 203 A.2d 761, and *Avakian Funeral Home, Inc.* v. *Zoning Board of Review*, 100 R. I. 439, 216 A.2d 704. Since the records on which those cases were decided were incorporated by the respondent board in connection with their decision from which an appeal by way of certiorari is now before us, a review of the travel of the cause will be at least helpful.

In July, 1961, Avakian Funeral Home, Inc. acquired a tract of land located at 593 Smith street in the city of Providence, otherwise identifiable in the land records of said city as lots 100-101, on assessor's plat 120. The land was formerly owned by the Episcopal diocese and there is still located thereon a small church structure previously devoted to a religious use as Saint Paul's chapel.

The land is at the corner of Smith street and Oakland avenue, having a frontage of 102.78 feet on Smith street and a total area of 16,236 square feet. It is located in a residential R-3 zone, within which a funeral home is neither a permitted use nor a use permitted by way of a special exception.

Avakian Funeral Home, Inc., hereinafter called applicant, applied to respondent board for a variance so as to permit the operation of a funeral home; the application, after a public hearing, was denied November 7, 1961, on the ground that granting the variance would introduce a commercial use into a residential neighborhood and thereby adversely affect property values, as well as create a traffic hazard. A review of that decision was not sought in this court.

On April 5, 1963, however, applicant again applied to the board seeking the same relief. After a public hearing held on this second application, the board, on June 19, 1963, granted a variance and from that decision the instant petitioners came to this court by way of certiorari. We quashed the board's decision on the ground that there had been no showing of a substantial or material change in the circumstances on which the board had based their decision of November 7, 1961. *Marks* v. *Zoning Board of Review, supra.* In so holding, we followed the rule making the doctrine of administrative finality applicable to boards of review, first enunciated in *Day* v. *Zoning Board of Review,* 92 R. I. 136, 167 A.2d 136, and reaffirmed in *Churchill* v. *Zoning Board of Review,* 98 R. I. 302, 201 A.2d 480.

Further, we rejected respondent's contention that the provisions of chap. 544, art. X, sec. 103, of the Providence zoning ordinance (rev. 1957), prohibiting the filing of a second application for similar relief within one year of a denial by the board, absent a showing of substantial or material change in circumstances, inferentially authorized the Providence board of review to grant a second application without such showing if a year or more had intervened between the denial of the relief sought and the making of a subsequent application therefor.

Thereafter, May 6, 1965, applicant filed its third application for a variance seeking to convert the church property into a funeral home. At a public hearing held thereon,

applicant produced a real estate expert who testified that the volume of through traffic on Smith street had been reduced because of the partial completion of route 95; that commercial uses existing at the time of the 1961 decision had been intensified; and that some additional commercial uses had been introduced in the neighborhood since the 1961 decision.

At the completion of this testimony, however, respondent board denied the application on the ground that there had been no substantial or material change in circumstance; which finding, the board concluded, was dispositive of their jurisdiction. From that decision, applicant sought review in this court. It contended, and we so held, that the board's decision should be quashed and the cause remanded for reconsideration because of the board's failure to state their reasons on which the finding of no substantial or material change was predicated. We pointed out that the record contained probative evidence of a substantial or material change, but absent a definitive declaration by the board on the question, this court was unable to determine whether they based their finding on a rejection of the evidence offered by applicant or on a misconception of the applicable rule. *Avakian Funeral Home, Inc.* v. *Zoning Board of Review, supra.*

Subsequent to our remand filed February 10, 1966, the board, reopening the proceedings, received additional evidence from applicant, its experts, the building inspector, residents of the immediate vicinity, as well as from petitioner Reuben Marks as a remonstrant and his real estate expert.

On the record as thus supplemented, the board recessed to consider the question of whether there had been a substantial or material change in the circumstances leading to the original denial of the variance sought. In a decision dated May 18, 1966, the board concluded that there had.

The Marks, who live at 96 Oakland avenue, which abuts the subject property, again petitioned this court for certiorari, seeking to quash that decision. The respondent moved to dismiss and we granted that motion, without prejudice however to petitioners to argue this aspect of the cause, if the board's subsequent decision on the merits of the application for a variance was adverse to petitioners, thus avoiding piecemeal litigation.

Meanwhile, having concluded that there was a substantial or material change, the board proceeded to receive evidence for and against the application for a variance. The relief requested involved converting the church building into a funeral home by adding a one-story L-shaped structure, 49' x 18' and 33'8" x 19'. Moreover, off-street parking facilities would be provided for 33 cars. There would also be general beautification and the erection of an illuminated sign, 3' x 5' x 4".

The permitted uses in an R-3 district are set forth in sec. 43 of the ordinance. In addition to those in an R-1 and an R-2 district, which being of a higher use and not relevant here, there is permitted a multiple dwelling for three or more families, based on a land area of 2,000 square feet per dwelling unit. It would appear therefore that a multiple dwelling for eight families could be constructed as a matter of right on the subject property.

Testifying for applicant, Peter Laudati, Jr., a real estate expert, gave it as his opinion that the church building as constructed could not be converted into a residential use; that clearing the land and constructing the permitted multiple dwellings would, considering the cost involved, be economically prohibitive, whereas, the chapel could be economically renovated for use as a funeral home. He offered no evidence however of what the permitted multiple dwellings would cost. He based his opinion on estimated top rentals of $85 monthly in that neighborhood.

Azarig Kooloian, a contractor, also testified for applicant and gave it as his opinion that attempting to comply with a residential use would not be economically feasible. His testimony was likewise lacking in factual data on construction costs.

Harry Gordon, a real estate expert, testified for petitioners. The import of his testimony was to the effect .that devoting the property to a residential use would be profitable. At times he appeared to be self-contradicting, however, and in reaching their decision the board found it to be Gordon's opinion that devoting the property to a residential use would constitute a hardship. Be that as it may, Gordon offered not so much as an indication of the investment involved if the property were put to a residential use.

Having already decided that by reason of intervening substantial changes since the November 1961 denial of a variance, the board had jurisdiction to act upon the pending application, they proceeded to take a view and consider the evidence before them. On October 6, 1966, they rendered a decision granting the relief sought.

The petitioners, having already pending in this court a review of the board's decision on the question of intervening or substantial material changes, filed a petition for certiorari to review the decision of the board granting the application for a variance.

They first contend that the May 18, 1966, decision finding that there had been substantial intervening changes is arbitrary in that it is unsupported by any competent evidence. Whether there is merit in this contention we do not inquire because of the view we take of the board's decision on the merits of the application for a variance.

In reaching that decision the board relied on the testimony of the real estate experts Laudati and Gordon. Mr. Laudati stated categorically that requiring the applicant to devote the land to the permitted residential uses would constitute an unnecessary hardship. Mr. Gordon's opinion,

however, was clearly misconceived by the board. But even if open to the interpretation that the board gave to it, Gordon's opinion, like Laudati's, is not supported by any factual data as to the costs involved in putting the land to a residential use.

As previously noted, Laudati did testify to the probable maximum rentals that could be expected in the subject neighborhood. Unrelated to what the investment would be, however, evidence of the probable income lacks probative force on the question of whether putting the land to the permitted residential use would result in unnecessary hardship. *Gemma* v. *Zoning Board of Review*, 93 R. I. 440, 176 A.2d 722, and *Rego* v. *Zoning Board of Review*, 95 R. I. 50, 182 A.2d 425.

Opinion evidence has probative force when such evidence is the product of expertise applied to a given set of facts. While the witness Laudati who testified as to probable income based his opinion thereof on the neighborhood in which the subject land is located, reciting to the board his factual knowledge thereof, it does not appear that he possessed any knowledge of multiple dwelling construction cost, but if he did, his testimony is barren of such factual data.

The witness Kooloian, a contractor, presumably possessed such expertise as to qualify him on the question of construction costs, but his opinion that a residential use would not be economically feasible, unsupported by factual data to which such opinion could be related, is a mere assertion completely lacking in probative force.

The record being barren of competent evidence to support their finding that a denial of the relief sought would deprive applicant of all beneficial use, resulting in an unnecessary hardship, it follows that the decision of the board granting a variance is arbitrary and should be quashed.

The petition for certiorari is granted, the decision of the

552

board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Abraham Marks,* for petitioners.

*Robert J. McOsker, John K. Najarian,* for respondent.