[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The Court addresses first the lower numbered of the above cases, which is an appeal by plaintiffs from a decision of the Newport Zoning Board of Review which denied their application for a special exception to allow construction of a second floor addition to their existing nursing home. Before the Court are the voluminous certified record, with its many exhibits, transcripts of hearings held June 11, September 10 (2), October 22 and December 10, 1990, and memoranda of counsel. Remonstrants are before the Court here as intervenors.
The evidence before the board supportive of the application for a special exception was overwhelming. The only witness opposed, remonstrants' expert, gave testimony upon which the board's rejection was based. The Court has examined that testimony, keeping in mind it cannot weigh the evidence nor substitute its judgment for that of the board "if it can conscientiously find substantive evidence in the whole record" to support the board's decision. Mendonsa v. Corey, 495 A.2d 257
(R.I. 1985). And the Court has again read Apostolou v.Genovesi, 120 R.I. 509 which discusses in detail the meaning of the "substantial evidence" standard which must be present to support a board decision.
 "Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance ____. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ____. This standard refers to the reasonableness of the action of the zoning board on the basis of the evidence before it ____. It means more than merely `some' or `any' evidence and more than a mere scintilla of evidence ____. (Citations omitted.)
The Court here holds the testimony of the remonstrants' witness did not rise beyond the level of a mere scintilla; it lacks substantiality. See also Marks v. Zoning Board ofProvidence, 102 R.I. 545 at 551 where the Court held "opinion evidence has probative force when such evidence is the product of expertise applied to a given set of facts." The board's finding #19, which is based upon that testimony, is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record (R.I.G.L. 1956 § 45-24-20(f) as amended) and is affected by error of law. The Board's finding #21 is also clearly erroneous and affected by error of law. See Toohey v. Kilday,
415 A.2d 723 (R.I. 1980).
Center Realty Corp. v. Zoning Board of Warwick, 86 R.I. 76
mandates the granting of this petition. The Court holds, in view of the reliable, probative and substantial evidence of the whole record (R.I.G.L. 1956 § 45-24-20(5) as amended) that the decision is clearly erroneous. It should be and hereby is reversed and it is further ordered that the petition for special exception be granted.
Addressing now the higher numbered of the above cases, plaintiffs were remonstrants in the lower numbered case and the plaintiffs in that case are intervenors here. Plaintiffs appeal from one finding of the many made by the zoning board in its written decision on the whole case, dated February 8, 1991. Paragraph 14 of that decision reads: "The Board of Review voted to uphold the interpretation of the Zoning Officer, pursuant to Section 1264(f) of the Newport Zoning Ordinance, to permit a setback of 40 feet on Harrison Lane." The Court accepts, as to this finding, the reasoning set forth in plaintiff Village House Convalescent Homes et als' memorandum beginning at page 24. The Court affirms the board's paragraph 14 finding and dismisses plaintiffs' appeal here.
The clerk will forthwith enter judgment for defendants for costs in the higher numbered case. Counsel for plaintiffs in the lower numbered case will present a form of judgment for entry.