Raymond L. Day *et ux.* *vs.* Zoning Board of Review of the City of Cranston.

JANUARY 19, 1961.

Present: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  This is a petition for certiorari to review the action of the zoning board of review of the city of Cranston in granting an exception to the zoning ordinance.  The exception permits a business use in an area which is partly in a dwelling zone and partly in an apartment zone.  The petitioners, whose land is contiguous to such area, contend that the board's action was arbitrary and constituted an abuse of discretion and hence should be quashed.  We issued the writ and in compliance therewith the pertinent records and papers have been certified to this court.

It appears that the particular area in question is a portion of lot 1529 on tax assessor's plat No. 6, section 2.  The lot is irregular in shape and is bounded on Reservoir, Park, and High School avenues.  It contains 41,666 square feet, of which approximately 75 per cent or 30,866 square feet is zoned for business.  Of the remainder 6,000 square feet is zoned for apartment house and 4,800 square feet for dwelling house uses.  On its southeasterly side it is bounded in part by the property of petitioners.  Along that side is the area in which the exception permits a business use.

In 1954 Picerne Investment Corporation, hereinafter called the corporation, applied to the board for permission to erect on lot 1529 a commercial building that would extend 23 feet into the apartment house zone and 15 feet into the dwelling house zone.  At that time those two areas were respectively designated as lots 585 and 1530 on assessor's plat No. 6 but were later redesignated and included in lot 1529.  The petitioners at first objected to such application.  However, when the corporation formally agreed not to use the area in the rear of the proposed building for vehicular traffic and further agreed to enclose it, petitioners withdrew their objections.  The board thereupon, on July 15, 1954, granted the application subject to the following conditions:

"(1)  There is to be no exterior storage of rubbish or exterior incinerators of any type.

"(2) Area at the rear of the proposed building will be closed to vehicular traffic.

"(3) A chain link fence 6' in height shall extend from the rear of the proposed building to the adjoining property line along Park Avenue and High School Avenue."

In 1955 the corporation erected a building containing several retail stores which it rented to certain tenants who conducted their several businesses in compliance with such conditions. However, on April 30, 1957 the corporation filed another application for an exception or a variance to permit the use of the area in the rear of the building for parking of vehicles and for rear-door deliveries. This application was based on the ground that the restriction against vehicular traffic in such area was proving to be a substantial deterrent to business. After a hearing at which petitioners and other nearby landowners voiced their objections to the granting of such application the board denied it for the following reasons:

"(1) That in the judgment of the Board, the public convenience and welfare will not be substantially served by the granting of said application.

"(2) That the granting of a previous application by this Board for premises upon which the shopping center is now located was made on the condition that the area at the rear of the proposed building, which is the subject of the present application, would be closed to vehicular traffic.

"(3) That the Petitioner has not sustained the burden of proving that a denial of this application would result in special and unnecessary hardship so as to deprive the Petitioner substantially of all beneficial use of its property."

Notwithstanding such denial the corporation on December 24, 1959 filed a second application for the same relief, the only difference being that it sought an exception and not a variance and requested no parking privilege but solely permission to use the area in question for rear-door deliveries to the stores. After a lengthy hearing at which testi-

mony was presented bearing on the question whether such use would substantially serve the public convenience and welfare and would not substantially or permanently injure the appropriate use of neighboring property, the board granted the application for the use requested and based its decision on sec. 27B(6) and (8) of the ordinance. The decision expressly provided that such use should be subject to the restrictions that it be confined to the period between 9 a.m. and 4 p.m., that the entrance on Park avenue be closed at all times to vehicular traffic, and that the corporation erect and maintain a cedar wall pole fence along its rear property line.

The petitioners make four specific contentions in support of their claim that the action of the board was arbitrary and an abuse of discretion. We shall discuss only the fourth contention because it is decisive of the case. Under that contention petitioners contend that the board's decision is illegal in that it grants an exception for a use which was expressly forbidden as a condition to the grant of an earlier application and which use was formally refused by the board's denial of a subsequent application for relief from such condition. The petitioners argue that in the absence of a change in circumstances since those earlier decisions the board acted illegally and abused its discretion in granting the instant application.

We are of the opinion that there is merit in that contention for the following reasons. In the first place when the corporation's first application was granted allowing it to invade a dwelling district as well as an apartment district with a business use, it was upon the express condition that the unused area in those districts should be enclosed and barred to vehicular traffic. It was only as a result of the imposition of such condition that petitioners and other remonstrants withdrew their objections. It must have been because they were reassured that by compliance with such

condition by the corporation their property would not be substantially or permanently injured.

Moreover, implicit in the imposition of that condition was a finding by the board that the extension of a business use into those districts would result in such injury to petitioners' neighboring property unless the corporation was thus restricted in its use of the remaining area. This being so the petitioners were warranted in assuming that this was a final adjudication of the matter. If it was not, then they were grossly misled into giving up a right to object to the granting of the corporation's application under any conditions.

In the second place we think the board's decision was illegal because it reverses its former decision denying the corporation's second application. In the absence of a material change in circumstances since the date of that decision the board was without authority to reverse it. *Madden* v. *Zoning Board of Review*, 89 R. I. 131, 151 A.2d 681. As in judicial proceedings generally, so in administrative proceedings of a quasi-judicial nature such as the instant proceedings under review there must be some finality. Of course the relief sought by each application must be the same. In this connection respondent argues that there is a difference because in the second application the corporation was seeking a variance and in the instant application it is an exception. In our opinion this is a somewhat specious argument and is in reality a mere distinction without a difference in so far as the relief sought is concerned.

In each instance the corporation was seeking to use the area for the same purpose and in order to do so asked for the removal of the condition attached to the grant of its first application. That the application which was denied was for a variance whereas the instant one is for an exception is in the above circumstances of no consequence. The relief sought is substantially the same. In the instant case the board could not validly authorize a special exception

unless it could make two findings, first, that "the public convenience and welfare will be substantially served," and, second, that "the appropriate use of neighboring property will not be substantially or permanently injured" by the granting of the application. In denying the second application it made two findings, one expressly and the other impliedly to the contrary.

The petition is granted, the decision of the board granting the application is quashed, and the records and papers certified to this court are ordered returned to the board with our decision endorsed thereon.

*Graham, Reid, Ewing & Stapleton, Alfred B. Stapleton, James A. Jackson,* for petitioners.

*Frank W. Golemba,* City Solicitor, *James DiPrete, Jr.,* Assistant City Solicitor, for respondent.

*Del Sesto, Nutini & Palombo, Christopher T. Del Sesto, Jr.,* for applicant.