IRENE J. CHURCHILL *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF CUMBERLAND.

JUNE 16, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J.  This petition for a writ of certiorari was brought to review the decision of the zoning board of review of the town of Cumberland granting the application of Robert M. and Richard A. Froment, hereinafter referred to as the Froments, for an exception or variance to the zoning ordinance.  Pursuant to the writ the respondent board has certified the pertinent records to this court.

At the outset we consider whether the decision we review is illegal by virtue of the application of the principle which requires finality to administrative proceedings of a quasi-judicial nature.  If that question be answered in the affirmative, it is dispositive of this petition.

This is the second time the Froments have applied to the board for authorization for the use of their property located in a residence A district as a gasoline service station.

In denying the earlier application the board found that the requested use would create a traffic hazard at a location which it stated was "not suited for a gas station."  Slightly less than four months thereafter the board reversed itself and granted the instant application.  In so doing it found that the Froments' property could not be "profitably or practically used for residential purposes," that the proposed use was conformable with those in the neighborhood, and that it would not devalue or injure the surrounding properties which were substantially commercial in nature.

That reversal, based as it was upon findings completely inconsistent with those upon which the earlier decision was premised, can be justified under *Day* v. *Zoning Board of*

*Review,* 92 R. I. 136, only if in the interval between the two decisions there was a material change in the circumstances.

It is contended by respondents that the construction of an exit ramp from a new superhighway about one quarter of a mile from the Froments' property and the expansion of a shopping center located across the street from it are the material changes which warranted the contrariety in result. For that contention to have merit, there must be something in the record establishing that the changes relied on came about in the interval between the two decisions.

On this subject there is no finding by the board based upon its presumed knowledge of local conditions or on its observations gained from an inspection. Moreover, no testimony has been called to our attention nor have we found any in our examination of the transcript which discloses that the ramp was constructed or the shopping center enlarged subsequent to the earlier decision. Indeed, the only evidence as to when the changes referred to occurred is found in the testimony of a representative of the Froments' prospective tenant who testified that the expansion of the shopping center had "taken place within the past year." This expression without more cannot reasonably be construed as referable only to that brief period between the earlier denial and the subsequent grant of the requested use. In such circumstances it is our opinion that the board failed to observe the test in *Day* and that its decision granting the application is therefore illegal.

The board, however, cites *Griauzde v. Nashua,* 103 N. H. 468, as authority for what is apparently its contention that the rule in *Day* is inapplicable when the record reviewed fails to disclose the nature of the evidence presented at the prior hearing and upon which a contrary conclusion was reached. Assuming that *Griauzde* stands for the proposition advanced, a conclusion which we do not necessarily accept,

the contention it presses does not assist it. In that case the subsequent decision followed a rehearing on the same application under a statutory procedure not available in this state. See N. H. Rev. Stat. Ann. 1955, chap. 31:74-31:76. At that rehearing sufficient new evidence was presented to justify a reversal by the board of its earlier decision.

That case is therefore clearly distinguishable. In one instance we have a zoning board granting a motion for a rehearing pursuant to a statute, a type of motion which the court noted should not in the interests of finality of decisions by zoning boards be lightly granted; in the other, a new and independent proceeding wherein substantially similar relief is sought. *Griauzde* is not authority for a qualification of the rule in *Day*.

The petition for certiorari is granted, the decision of the board granting the application is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

*William L. Gaudreau,* for petitioners.

*Frank O. Lind, Jr.,* Town Solicitor for Town of Cumberland, for respondent.