Lena Marks *et al* vs. Zoning Board of Review of the City of Providence.

OCTOBER 20, 1964.

Present: Condon, C.J., Roberts, Paolino, Powers and Joslin, JJ.

Joslin, J. This is a petition for a writ of certiorari brought to review a decision of the zoning board of review of the city of Providence granting an application for a variance in the terms of the zoning ordinance. Pursuant to the writ the respondent board has certified the pertinent records to this court.

The only question we need consider is the power of the board to reverse a decision made approximately eighteen months earlier denying a petition for a variance or exception affecting the same premises.

In *Day* v. *Zoning Board of Review*, 92 R. I. 136, we held and in *Churchill* v. *Zoning Board of Review*, 98 R. I. 302, 201 A.2d 480, we reaffirmed our position that a zoning board, on a subsequent application brought by the same

applicant for substantially similar relief, is without power to reverse its prior decision in the absence of a material change in circumstances intervening between the two decisions.

The conclusion we reached was premised upon giving finality to proceedings in zoning matters. That conclusion has its roots in the principle that persons affected by a decision in zoning matters ought not to be twice vexed for the same cause and are entitled to have their rights and liabilities settled by a single decision upon which reliance may be placed.

We did not in *Day* and *Churchill*, nor do we now, foreclose the jurisdiction of a zoning board to hear successive applications relative to the same premises nor did we then, nor do we now, decide that a zoning board is powerless to reverse an earlier final determination. Such an extension of the principle of finality in administrative proceedings would deprive a zoning board of some of the flexibility of action with which it has been endowed by the legislature. Moreover, a strict rule of res adjudicata in zoning matters could have unfortunate consequences such as denying a landowner once refused relief the right to a reconsideration of an application based upon intervening circumstances resulting in a deprivation of all beneficial use of his property. Such an undesirable result could have serious constitutional implications and would do violence to the expressed legislative will authorizing zoning boards to vary the terms of zoning ordinances in hardship cases.

The power to reverse an earlier determination, however, is a qualified one and is not to be exercised unless there has been a substantial or material change in circumstances intervening between the two decisions. A reversal of a prior denial of relief should ordinarily be predicated upon a factual situation differing materially from that existing at the time of the earlier decision and the occurrence of a

substantial change in conditions is generally a condition precedent to the exercise of jurisdiction.

Whether the condition precedent has been satisfied is, in the first instance, for the board to determine on the legal evidence before it. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275. On that issue, just as on the other issues wherein the exercise of the board's discretion is sought, the burden of proof is on the applicant. *Benoit* v. *Zoning Board of Review,* 95 R. I. 46, 182 A.2d 432; *Franco* v. *Zoning Board of Review,* 90 R. I. 210; *Parker* v. *Zoning Board of Review,* 90 R. I. 166; *Bastedo* v. *Board of Review,* 89 R. I. 420; *Pistachio* v. *Zoning Board of Review,* 88 R. I. 285.

Here the respondent does not contend that the condition precedent has been satisfied. Instead, pointing to the approximately eighteen months which elapsed between the two decisions, it justifies its action on sec. 103 of the Zoning Ordinance of the City of Providence (rev. 1957), chap. 544, art. V, which reads as follows:

"No petition for an amendment to the Zoning Ordinance including the Zoning Map, or no application for an exception or variance therefrom shall be accepted by the Clerk of the City Council or the Secretary of the Zoning Board of Review if a petition or application praying for the same amendment, exception or variance has been denied or the petitioner granted leave to withdraw within the preceding twelve months, provided, that such a petition or application may be accepted at any time with the consent of the Committee on Ordinances or the Zoning Board of Review respectively, if it shall include or be accompanied by an affidavit which, in the opinion of said Committee on Ordinances or said Zoning Board of Review sets forth facts indicating a substantial change of circumstances justifying a hearing on said petition or application for exception or variance."

We do not so interpret the ordinance. It does no more than prohibit the city clerk from accepting a successive

application within the one-year period unless the applicant has first satisfied the board by affidavit that there has been at least, prima facie, a substantial change in circumstances. It represents a legislative attempt to prevent the zoning docket from being cluttered with successive applications by applicants previously denied relief. We do not construe it as permitting an owner to ask for a redetermination of identical issues every twelve months. *Mayor & City Council* v. *Linthicum*, 170 Md. 245.

To give the ordinance the construction urged by the respondent would deprive an earlier decision of finality, tend to uncertainty and impermanence, and subject a final determination reached after plenary hearing to change at the whim of the members. *St. Patrick's Church Corp.* v. *Daniels*, 113 Conn. 132, 137. It would defeat the premise upon which the doctrine of administrative finality is bottomed. Even on the assumption that it is within the prerogative of the local legislature to limit the doctrine of administrative finality, we do not, in this instance, attribute to it any such purpose.

The petition for certiorari is granted, the decision of the respondent board granting the application is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

*Abraham Marks* for petitioners.

*William E. McCabe*, City Solicitor, *Harry Goldstein*, Assistant City Solicitor, for respondent.