**238 A.2d 50.**

NELSON G. BURKE *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

FEBRUARY 8, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a petition for certiorari brought to review a decision of the zoning board of review of the town of North Providence denying permission to erect a gasoline filling station on land located on Mineral Spring avenue in that town and presently zoned for limited business uses. Pursuant to the writ, the respondent board has certified to this court the pertinent records in the cause.

It appears therefrom that petitioner here is the owner of the three lots under consideration which comprise a tract that contains over 18,000 square feet of land. The application discloses that he seeks an exception under art. II, sec. 7 (7), of the zoning ordinance permitting the erection of a gasoline filling station to be operated without any major repair work. Pursuant to the terms of art. II, sec. 7 (7), a gasoline filling station is a use permitted by way of special exception in a limited business district. The respondent board is given authority to grant special exceptions by the terms of art. X, sec. 3 (A) (2), when the exception "* * * will be compatible with neighboring land uses"; "* * * will not create a nuisance in the neighborhood"; "* * * will not hinder the future development of the town"; and "* * * will not adversely affect the value of neighboring property."

The record discloses that a number of residents of the immediate neighborhood appeared at a hearing held on this application and objected to the granting of the exception. They stated that the proposed station would destroy the neighborhood, create a nuisance, and jeopardize the safety of their children.

On the other hand, a Mr. George A. Freeman testified on behalf of the applicant, and his qualifications as a real estate expert were not challenged. He testified that he was familiar with the area of the proposed gasoline station; that he had made a personal inspection thereof and the condition of the abutting nearby properties; that there are no other gasoline stations in that immediate section of Mineral Spring avenue; that the proposed station would be a convenience both to the local neighborhood and the general public; and that the applicant's proposal to erect a shrubbery screen and a protective fence would protect the residents from traffic noises and the like. He further testified that in his opinion a grant of the exception would not decrease the present values of the residence properties surrounding the site of the proposed station. He also stated that there are a number of commercial uses existing in the area which predate the erection of these residences, and suggested that there is significance in the fact that the presence of these business uses did not deter the neighbors from buying the land and erecting their homes thereon. There is nothing in the record to indicate that the board made an inspection of the site of the proposed station.

At the conclusion of the hearing, the board took the application under advisement and, after deliberating in executive session, by unanimous vote enacted a resolution "That the Zoning Board of Review does hereby deny the application of Nelson G. Burke." The record discloses that the board so acted on the basis of its opinion "* * * that the proposed station would increase and create a traffic haz-

ard and that there is no public demand for this type of use in the area."

The petitioner argues, in the first place, that there is in the record no legally competent evidence upon which the board's decision denying the exception reasonably can rest. It is well settled that the decisions of a board of review on applications for relief under the provisions of a zoning ordinance will ordinarily be regarded by this court as conclusive if they rest upon legally competent evidence to be found in the record. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198. In the instant case the board rested its decision, in part at least, upon a finding that a grant of the exception would "* * * increase and create a traffic hazard * * *." However, an examination of the record discloses no legally competent evidence upon which this finding may reasonably rest.

It appears from the record that one objector did testify that, were the exception to be granted and the station erected, it "* * * will bring more traffic in our neighborhood because people will be curious to what's down the street." This was the only evidence adduced on this issue, and no evidence was adduced as to traffic congestion from any witness who had established his qualification as an expert in matters of traffic control. In *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138, it became settled in this jurisdiction that where a witness lacks the prerequisite expertise in traffic matters, his testimony that congestion and hazards would follow upon an increase in traffic if the exception were to be granted is not legally competent evidence to support a finding thereof.

The only other ground upon which the board rests its denial of the exception here is that "* * * there is no public demand for this type of use in the area." We are of the opinion that this finding is based upon a misconception of the nature of the special exception as it provides for a use

conditionally permitted under the terms of the ordinance. In *Center Realty Corp.* v. *Zoning Board of Review,* 96 R. I. 76, 189 A.2d 347, we stated our recognition of the view that the function of the special exception is to alleviate use restrictions on land when they cannot reasonably be related to the public interest and, in so holding, relied upon a prior decision of this court in *Buckminster* v. *Zoning Board of Review,* 69 R. I. 396, 33 A.2d 199. We went on to say in *Center Realty* that the language of the court in *Buckminster* "* * * expresses its acceptance of the view that special exceptions inure primarily to the benefit of the owner of land and any benefits that inure to the public generally are only consequential to the grant of the exception." We conclude, therefore, that the board acted in excess of its jurisdiction in denying the exception on this latter ground.

Reaching this conclusion requires us, however, to consider respondent's contention that the board was without authority to grant the exception because it had heard and denied an application for such relief on a prior occasion and, therefore, was without authority to reverse that decision on a new application. The respondent, in so arguing, relies on the rule stated by this court in *Marks* v. *Zoning Board of Review,* 98 R. I. 405, 203 A.2d 761.

In that case we made a limited application of the doctrine of administrative finality to decisions of zoning boards of review in accordance with the rule we had enunciated on prior occasions in *Day* v. *Zoning Board of Review,* 92 R. I. 136, 167 A.2d 136, and *Churchill* v. *Zoning Board of Review,* 98 R. I. 302, 201 A.2d 480. In *Marks* we went on to say that this application of the doctrine of administrative finality was not intended to foreclose jurisdiction in such boards to hear successive applications. We did say that the authority of a board to reverse a prior determination is a qualified one and is not to be exercised unless there has been a substantial or material change in the circumstances or conditions intervening between the two decisions.

The contention of respondent here is that it was without authority to make another determination on this application without showing that there had been a change in the material circumstances since it had on a prior occasion denied an application for an exception to erect and operate a gasoline service station. The petitioner argues that the doctrine of administrative finality should not be applied in this case because there has been a bona fide conveyance of the land to petitioner here since the prior application was heard and determined. In short, he argues, as we understand him, that a bona fide change in ownership constitutes a change in circumstances which would establish the authority of the board to hear and determine the application again.

We are unable to agree with petitioner's contention that, standing alone, a change of ownership constitutes a sufficient change in circumstances to authorize a board of review to reverse a prior decision denying relief and thus except the case from an application of the doctrine of administrative finality to which we refer in *Marks*. That doctrine, in our opinion, should be applied in appropriate cases to preclude a reversal of the prior decision denying relief, even though it may be made to appear that there has been a change in the ownership of the property subsequent to the prior decision.

An examination of the record of the instant case has persuaded us that the petitioner had adduced evidence from which the board could reasonably have found compliance on the part of the applicant with the conditions precedent to the grant of an exception under the pertinent terms of the ordinance. Because we take this view and because it is our conviction that the petitioner might well have shown a change in circumstance sufficient to except the case from the application of the doctrine of administrative finality, we are of the opinion that the writ already issued should be quashed but without prejudice to the right of the petitioner to make application again to the respondent board for an

exception and at a hearing thereon offer proof, if any he has, that such a change in circumstance had occurred.

The petition for certiorari is granted, the records certified are ordered returned, and the writ heretofore issued is quashed without prejudice to the right of the petitioner to again apply to the respondent board for relief under the terms of the ordinance.

*McGee, Gifford and Giannini, Anthony A. Giannini, Thomas F. Farrelly,* for petitioner.

*Robert S. Ciresi,* Town Solicitor, for respondent.