240 A.2d 159.

HECTOR A. GILMAN *et ux. vs.* ZONING BOARD OF REVIEW
OF THE TOWN OF WEST WARWICK.

MARCH 28, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. These petitioners for certiorari seek to quash a decision of the respondent board denying their application for a special exception or variance so as to permit the invasion of a business use into that portion of their land zoned residential.

In denying the application the board gave as its reason that petitioners failed to establish, as required by the ordinance, that the public convenience and welfare would be substantially served. The instant petition followed—petitioners contending that there is not a scintilla of legal evidence on which the board's findings can rest.

However, it is apparent from the transcript that a similar application to relieve the land in question had been denied by the board, following a hearing held about a year prior to the hearing which led to the decision herein sought to be reviewed. It also appears that at this second hearing petitioners adduced no evidence tending to show a material change in circumstances intervening between the denial of their first application for relief and this second application —the denial of which they seek to have this court set aside as being arbitrary.

It is now firmly established in this jurisdiction that where a zoning board of review has once denied an application for a special exception or variance, such board lacks jurisdiction to grant a later application for the same relief, absent evidence from which the board could first find that subsequent to such denial there has been a material change in the circumstances on which that denial was predicated. *Day* v. *Zoning Board of Review*, 92 R. I. 136, 167 A.2d 136; *Churchill* v. *Zoning Board of Review*, 98 R. I. 302, 201 A.2d 480; *Marks* v. *Zoning Board of Review*, 98 R. I. 405, 203 A.2d 761; *Burke* v. *Zoning Board of Review*, 103 R. I. 404, 238 A.2d 50.

The record in the instant case discloses that there had been a previous denial of the relief sought, a second denial of which this court is now asked to review. Furthermore, the record is barren of evidence tending to establish that approval of this second application would not do violence to the principle of administrative finality adhered to in *Day, supra,* and the other cited cases. See also *Madden* v. *Zoning Board of Review*, 89 R. I. 131, 151 A.2d 681.

In light of the instant record then, it becomes unnecessary to inquire whether there is merit in the petitioners' contention that the board's decision is unsupported by any legal evidence, since, assuming petitioners to be correct, our decision in that regard could not cure the board's lack of jurisdiction.

Certiorari denied.

*Quinn & Cuzzone, Cameron P. Quinn,* (for petitioner-appellant).

*Felix A. Appolonia,* Town Solicitor, *Mortimer W. Newton.* Assistant Town Solicitor, (for respondent-appellee).