[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
I Factual Background
Richard and Ernestine Fryburg (hereinafter the "Plaintiffs") are the owners of lot 373 Assessor's Plat 292 in the City of Warwick. The plaintiffs' property, located at the southwesterly corner of Post Road and Narragansett Parkway, is zoned general business. Lot 373 is approximately 6459 square feet, measuring roughly sixty feet by one hundred ten feet (60' x 110').
The lengthy travel of this case is as follows: Initially, on October 31, 1986, the plaintiffs filed an application for a "variance or special exception" with the Warwick Zoning Board of Review, (hereinafter the "Board"). Specifically, the plaintiffs sought relief under the zoning ordinance for permission to construct a professional office building. The rendering included with the plaintiffs' petition and the statement contained in section seven of the application indicated that the proposed structure would be twenty-eight feet by forty eight feet (28' x 48').
Thereafter, on January 7, 1987, the Board held a public hearing on plaintiffs' application. A written decision was released by the Board on February 11, 1987, wherein it denied the plaintiffs' petition for a variance. The plaintiffs then appealed the Board's decision to Kent County Superior Court. The matter was heard and decided by Judge Bourcier who found that the Board committed legal error, because it decided the plaintiffs' request for relief under an erroneous legal standard. However, rather than address the merits of the case, Judge Bourcier remanded the matter to the Board with instructions to review the facts and evidence presented in light of the correct standard of review, i.e. a Viti Deviation.
Upon remand, the Board reviewed the record in light of Judge Bourcier's decision. However, the Board then found the deviation standard suggested by Judge Bourcier to be inapplicable because the structure the plaintiffs sought to erect would require more extensive relief then mere area and setback deviations. In particular, the Board noted the plaintiffs would need additional relief from height restrictions and parking space requirements. More importantly, the Board indicated that the structure the plaintiffs desired to build would overburden the lot, or be an overutilization of the property.
Once again, the plaintiffs appealed the Board's adverse ruling to Kent County Superior Court. The plaintiffs argued that the Board ignored the mandate of Judge Bourcier's decision when they did not apply the deviation standard of review as he suggested was proper. This second appeal was heard by Judge Campanella who upheld the Board in a written decision dated January 13, 1989. In short, Judge Campanella reasoned that, because the building the plaintiffs desired to construct would require more extensive relief than merely the area and setback deviations applied for, including relief from parking space requirements and height restrictions, he concluded that the Board was correct in finding that the Viti standard, as suggested by Judge Bourcier was not controlling. Significantly, the January 13, 1989 decision of Mr. Justice Campanella was not appealed by either party.
Finally, on June 19, 1989, the plaintiffs submitted their latest application for a "variance or exception" under the zoning ordinance. As in the original application filed in 1986, the plaintiffs again stated their desire to construct a professional office building on the lot. However, unlike the 1986 petition, the plaintiffs proposed to build a building two feet narrower on each side. Specifically, the plaintiffs were proposing to build a 24 x 48 x 28 foot building, instead of the original 28 x 48 foot building petitioned for in 1986. Nevertheless, the plaintiffs submitted the exact same rendition and architectural drawing. In addition, while the proposal was for a building with some structural and facade modifications, the design and appearance was exactly the same. The plaintiffs, in their brief, appropriately characterized these modifications as being cosmetic in nature.
The petition was heard on June 3, 1990. At the hearing the Board inquired as to what differences, if any, intervened between the 1986 petition and the present proposal. The plaintiffs asserted that they changed the door entrance slightly and also changed some window modelings but did not change the dimensions of the proposed structure. Specifically, the plaintiffs stated:
 "What we have done is added returns on the gable ends. We have eliminated some small half round windows, encased the windows for accent and we have changed the front door entrance to a slightly different frontage." Tr. Pg. 60.
Plaintiffs did not allege any intervening change in circumstances affecting the subject property itself, i.e., a change in the zone, a change in the law, a change in the characteristics of the neighborhood, etc. Plaintiffs instead created a "change" by submitting a somewhat different application or relief and proposed building structure.
II Issues Presented For Review 1. Was the Board clearly wrong in finding that plaintiff had failed to show a material or substantial change in circumstances intervening between the two petitions?
 2. Did the Board err in applying the Doctrine of Administrative Finality once it found that plaintiffs had failed to show a substantive or material change in circumstances intervening between the two petitions?
III Discussion
A zoning board, on a subsequent application brought by the same applicant for substantially similar relief, is without power to reverse its prior decision in the absence of a material change in circumstances intervening between the two decisions, Marks v.Zoning Board of Review, 98 R.I. 405, 203 A.2d 761 (1964). InMarks, the zoning board of review granted an application for a variance, however, in doing so the board reversed an earlier decision concerning the same property, in which it denied a petition for a variance. The court held that when a subsequent application is brought by the same applicant for substantially similar relief, the zoning board is without power to reverse its prior decision in the absence of a material change in circumstances intervening between the two decisions. Id. at 405, 203 A.2d at 762. At the same time the court recognized that zoning boards have jurisdiction to hear successive applications relative to the same premises and may even reverse an earlier final determination. Id. But, the court explained, that the power of a zoning board to reverse an earlier determination is a qualified one, and should not be exercised unless there has been a substantial or material change in circumstances intervening between the two decisions. Id. The court further noted that a reversal of a prior denial of relief should ordinarily be predicated upon a factual situation differing materially from that existing at the time of the earlier decision. Id. In addition, the court determined that the occurrence of a substantial change in conditions is generally a condition precedent to the exercise of jurisdiction. Id. The court concluded that in all cases the applicant has the burden of proof to show the existence of the condition precedent. Id. As inMarks, the plaintiffs in the instant case have petitioned the Board for a re-determination of issues previously decided.
Our Supreme Court has also addressed those situations in which a landowner has applied for relief, on two separate occasions, by pursuing different legal theories. In those instances, the Court has held that even where a landowner pursues different legal theories on two separate occasions, the doctrine of administrative finality will bar the second application for relief, unless a substantial or material change of circumstances has occurred in the interval between the two proceedings Costav. Gagnon, 455 A.2d 310, 313 (R.I. 1983). In Costa the plaintiffs petitioned the zoning board on two separate occasions, pursuing different legal theories each time. However in both petitions, the plaintiffs were seeking the board's approval of their auto-body shop use and expansion of that use. The court held, that although the plaintiffs pursued different legal theories on each occasion, the doctrine of administrative finality barred the board from granting relief on the subsequent application. Id. at 313. The court noted that in each petition the plaintiffs were seeking the board's approval of their auto-body shop use and expansion of that use. The court reasoned further, that the plaintiffs' requests for relief were substantially similar in each petition, and that there was no evidence of a material change in the circumstances. Id. Thus, the court concluded that the doctrine of administrative finality barred the repetitive petition. Id.
In the instant case, the plaintiffs, having elected not to appeal the January 13, 1989 decision of Mr. Justice Campanella, are precluded from arguing error with respect to that decision as well as the earlier decision of Mr. Justice Bourcier and are now placed in the same position as the plaintiffs in Costa, i.e., with the threshold question being that of administrative finality. Where the doctrine of administrative finality presents a threshold question of law, the merits of the underlying dispute becomes secondary and should not be addressed unless that doctrine is found not to be dispositive. In this case, if the doctrine of administrative finality becomes dispositive, it serves no purpose to address the merits of the petition or the standards of proof applicable to the relief sought.
It is true that the doctrine of administrative finality will not bar a subsequent application for zoning relief which differs substantially from an application denied years previously.May-Day Realty Corp. v. Board of Appeals of Pawtucket,107 R.I. 235, 237 267 A.2d 400, 401-02 (1970). In May-Day Realty, the plaintiffs' application for a permit to erect two ten-family apartment houses on their premises was denied. Ten years later the plaintiffs applied for a permit to construct a single apartment building containing 100 units with underground parking for 125 automobiles. This subsequent petition was challenged by remonstrants who argued that the doctrine of administrative finality barred the second application. The court held that although the rule of finality is sound, it is operative only if the relief sought in each case is substantially similar. Id.
The court compared the initial application to erect a ten-family apartment house with the subsequent petition to construct a single building with 100 units, and concluded that "obviously, the two are so dissimilar that the doctrine of administrative finality is inapplicable." Id.
Unlike May-Day Realty the plaintiffs' successive petitions requested the zoning board's approval of their plans to construct a professional office building. In 1986, the plaintiffs sought set-back relief to erect a 28' x 48' square foot building; now they desire to construct a substantially similar structure, slightly scaled down to 24' x 48 x 28. While the plaintiffs have proposed a structure of less square footage, architecturally, the building will be identical. Furthermore, through their own testimony, the plaintiffs indicated that the dimensions of the building remain the same as were proposed in the previous petition. Therefore, unlike the clearly dissimilar requests for relief in the May-Day Realty case, the plaintiffs' requests for relief are on their face substantially similar in each petition. In a case where the requests for relief are substantially similar and there is no evidence of a material change in circumstances, the doctrine of administrative finality bars the repetitive petition.
Moreover, where a zoning board of review has once denied an application for a special exception or variance, such boardlacks jurisdiction to grant a later application for the same relief absent evidence from which the board could first find that subsequent to such denial there has been a material change in circumstances on which that denial was predicated. Gilman v.Zoning Board of Review, 103 R.I. 612, 240 A.2d 159 (1968). InGilman, the plaintiffs submitted successive applications to the zoning board for a special exception or variance so as to permit the invasion of a business use into that portion of their land zoned residential. The board denied both petitions on the merits and the plaintiffs appealed. At the outset, the court noted that at the second hearing the plaintiffs adduced no evidence tending to show a material change in circumstances intervening between the denial of their first application for relief and the second which was filed a year later. Id. at 160. Consequently, the court reasoned that when the board denied the plaintiffs' initial application for a special exception or variance, it actually lacked jurisdiction to grant a later application for the same relief, unless the board could first find that following such denial there was a material change in circumstances on which the earlier denial was predicated. Id. The court concluded that there was no evidence in the record to establish that approval of the second application would not do violence to the principle of finality adhered to in Marks, supra, and the other cases discussed. Id.
As in Gilman, it also appears here, that at the second hearing in June of 1990, the plaintiffs adduced no evidence tending to show a material change in circumstances intervening between the denial of their first application for relief and this second application, the denial of which they seek to have this Court set aside as being arbitrary. Accordingly, when the Board initially denied the plaintiffs' application for a variance or special exception, the Board lacked jurisdiction to grant the second application which was for the same relief, because there was no evidence to establish that subsequent to such denial, there was a material change in circumstances on which the first denial was based.[1] In each petition the plaintiffs were seeking to use the land for the same purpose, a professional office building. On each occasion the plaintiffs submitted the exact same rendition — the only difference being a proposal to reduce the square footage. Therefore, to approve the second application would surely do violence to the principle of administrative finality.
Finally, it is statutorily mandated that the Court not substitute its judgment for that of the zoning board on questions of fact, R.I.G.L. 45-24-20, as amended. The Board found that, as a matter of fact, the plaintiffs did not establish that there had been a substantial change in circumstances since their application was last denied. A review of the record discloses no evidence in support of the contention that this finding of fact was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. As discussed earlier, plaintiffs presented no evidence that the circumstances surrounding the subject property had changed and the petition itself, when coupled with the evidence presented, showed no substantial change in the proposed building. Plaintiffs characterized the changes in the proposed building as being primarily "cosmetic" and, indeed, appear to have made that characterization quite candidly in light of the existing record. This Court, therefore, finds no support in the record for the proposition that the Board clearly erred in its findings of fact.
IV Conclusion
The Rhode Island Supreme Court has held fast to the doctrine of administrative finality. It is a strict rule which is operative if the relief sought in each case is substantially similar. In the case at bar, the plaintiffs brought successive applications for zoning relief which were substantially similar. No change in circumstances relating to the property itself was shown. Therefore, in the absence of a finding of a material change in circumstances intervening between the two decisions, the Board was without power to reverse its previous decision. Establishing the existence of a different factual situation is a condition precedent to relief with the burden of proof on the plaintiff in the subsequent application. In the instant matter, the plaintiffs did not meet their burden of establishing the existence of a different factual situation. The factual context of the second petition was substantially similar to that which existed at the time the previous petition was heard and no obvious dissimilarity existed between the two petitions. The Board was not clearly wrong in determining that the requisite change in circumstances was lacking. The doctrine of administrative finality is, therefore, dispositive of the petition and this appeal. The Court need not address the merits of the appeal.
The appeal of the plaintiffs is denied and the judgment of the Zoning Board of Review is affirmed.
[1] The Board had the jurisdiction, pursuant to Mr. Justice Bourcier's order to remand, to reconsider the petition as it did on September 15, 1987. That re-consideration was undertaken by the Board as a direct result of the appeal process taken after the denial of the first petition and was undertaken pursuant to the order of Mr. Justice Bourcier. It is the most recent petition, filed in 1990, that the Board lacked jurisdiction to consider absent a material change in the circumstances upon which the first denial was based.