DECISION
Before this Court is an appeal from a May 16, 1995 decision of the Zoning Board of Review of the City of Pawtucket (Board) denying an application of George Ruzzano and Paulette Ruzzano (plaintiffs) for a use variance. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
The plaintiffs are owners of lot numbered 1723 on Tax Assessor's Plat 50 (121 Terrace Avenue) located in the City of Pawtucket and situated in a residential single-family zone. The plaintiffs requested a use variance in order to maintain an existing second dwelling unit on the property.
The subject property was originally owned by Paulette Ruzzano's mother, Ethel Turchetta. In 1971 Turchetta added her daughter and son-in-law's (plaintiffs) names to the deed. A year later, the plaintiffs filed an application with the Board seeking a use variance that would allow them to construct an "in-law" apartment complete with a kitchen area.
A hearing was held on April 27, 1972, at which time the Board unanimously denied the plaintiffs' application for the use variance. In its May 2, 1972 decision, the Board decided as follows:
 "The Board finds the area in question is zoned R.S. The Board in viewing the premises saw a highly one family developed neighborhood with a well kept large open area. We find that if the application were granted it would destroy the character of the neighborhood, and tend to overcrowd the area. The Board frowns upon increasing the density in a low density area." (Decision, City of Pawtucket, Board of Appeals, May 2, 1972).
The plaintiffs never appealed this decision. However, they allege that they submitted to the building inspector a new set of plans, which were approved and pursuant to which building permits were issued and a second dwelling unit ("in law apartment") was built.
There were no complaints regarding the plaintiffs' "in-law" apartment until 1994. At this time, the plaintiffs were cited by the Director of Zoning and Code Enforcement for a zoning violation due to the existence of the illegal "in-law" apartment. The plaintiffs appeared before the Pawtucket Municipal Housing Court and were found to be in violation of the Pawtucket Zoning Ordinance. The Municipal Court judge took judicial notice of the Board's 1972 decision denying the plaintiffs the use variance, but stayed the imposition of any penalties until the plaintiffs were granted the opportunity to try to legalize the "in-law" apartment by obtaining a variance.
On March 29, 1995, twenty-three years after applying originally, the plaintiffs filed a second application for the use variance. A public hearing was held before the Board on April 25, 1995. Shortly thereafter on May 2, 1995, the Board issued a unanimous five to zero decision denying the plaintiffs' petition. In its May 16, 1995 decision, the Board held that the plaintiffs failed to offer evidence that would tend to demonstrate that they would suffer unnecessary hardship as contemplated by the State's Zoning Enabling Act, the Rhode Island Supreme Court, and the Pawtucket Zoning Ordinance. The Board determined that the plaintiffs failed to establish that they would be deprived of all beneficial use of their property if the application were denied.
The Board also found that even if the former building inspector did, in fact, issue a permit to the plaintiffs for construction of an "in-law" apartment with a kitchen, that permit was unlawfully issued since the plaintiffs' property is zoned only for single-family dwellings. Accordingly, the Board concluded that the permit relied upon by the plaintiffs was defective, and that the current code enforcer acted properly in citing the plaintiffs for the illegal dwelling unit.
The plaintiffs filed the instant appeal advancing four arguments: (1) the plaintiffs submitted sufficient evidence to satisfy the requirements for a use variance; (2) the plaintiffs are entitled to a use variance based upon principles of equitable estoppel and detrimental reliance; (3) the petition is not barred by the doctrine of administrative finality; and (4) the Board's written decision is not consistent with the record.
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D). That statute provides that the court may affirm, reverse, or modify the decision of a zoning board if substantial rights of an appellant have been prejudiced because its findings are in violation of law; in excess of its authority; made upon unlawful procedure or affected by an error of law; is clearly erroneous in view of the reliable, substantial evidence in the record or is arbitrary and capricious or evidences an unwarranted abuse of discretion. Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance. Apostolou v. Genovesi,120 R.I. 501, 388 A.2d 321 (1978).
The standards to be met in obtaining a use variance are enunciated in G.L. 1956 (1991 Reenactment) § 45-24-41 (c) entitled "General Provisions-Variances" and Article 9-10 (c) of the Pawtucket Zoning Ordinance entitled "Variances and Special Use Permits." The petitioner is entitled to a variance upon proof that literal adherence to the zoning ordinance will result in unnecessary hardship, i.e., deprive the petitioner of all beneficial use of the property amounting to a confiscation without just compensation. Almeida v. Zoning Board of Review ofTown of Tiverton, 606 A.2d 1318 (R.I. 1992). In Almeida the court stated that an inability to use the property in a more profitable manner if the variance is denied is not of itself proof of unnecessary hardship amounting to confiscation.
With respect to deprivation of all beneficial use, the plaintiffs first argue that the Board's decision should be reversed because they have submitted sufficient evidence to satisfy the requirements for a use variance. The plaintiffs contend that the removal of the subject apartment after twenty-four years constitutes an unnecessary hardship. Alternatively, the Board argues that the plaintiffs have failed to offer evidence that they would be deprived of all beneficial use of their property if the application were denied.
A review of the record reveals that the Board had before it the following evidence. The "in-law" apartment originally was occupied by Paulette Ruzzano's mother, who is now deceased. The apartment is currently vacant. With respect to occupancy, the plaintiff (George Ruzzano) testified that he would object to a condition that only the owner and relatives could reside on the premises. He further stated that the apartment would probably be used as a rental, expressing that he had no need for another three rooms with nine rooms already downstairs.
The plaintiffs can make the "in law" apartment legal by merely removing the kitchen. Although this would be an inconvenience to the plaintiffs, the Board found that this did not rise to the level of being an unnecessary hardship. The Board also found that the applicants being precluded from using their property in a more profitable manner if the variance were denied did not constitute proof of unnecessary hardship. It is well settled that a variance is not properly granted to insure personal convenience or a more profitable use of the property.Rozes v. Smith, 120 R.I. 515, 388 A.2d 816 (1978).
The record further reflects that the hardship is the result of the prior action of the applicants. The record does not support plaintiffs' claim that the hardship they suffer is a direct result of actions by the Board and city. The plaintiffs contend that the Board's initial rejection was only a conditional denial, that the Board instructed them to submit a revised set of plans and that the building inspector subsequently approved them. The language of the Board's 1972 decision, however, clearly and unambiguously rejects the plaintiffs' petition. There is no evidence on the record, aside from the plaintiffs own testimony, that the Board's 1972 denial was conditional.
Additionally, plaintiffs contend that the existence of the apartment has not had an adverse impact upon the neighbors or the public. Pursuant to the Pawtucket Zoning Ordinance in effect, the area in question is clearly zoned for single family homes only. There is no evidence of record indicating that there are any two-family homes in this area. The Board inspected the premises and the surrounding properties in the neighborhood and concluded that the plaintiffs' residence was not unique to the area. Accordingly, the Board had substantial evidence before it that the granting of the variance would alter the general character of the surrounding area and impair the intent or purpose of the zoning ordinance.
The plaintiffs also argue that the decision of the Board must be reversed based upon the principles of equitable estoppel and detrimental reliance. The plaintiffs contend that the Board and the City cannot require them to remove the "in law" apartment after they in good faith detrimentally relied upon the city's representations and approvals for twenty-four years. The Board maintains that the City acted properly in citing the plaintiffs for their illegal use and that any detriment presently suffered by the plaintiffs is due to their own illegal actions.
In Shalvey v. Zoning Board of Review of Warwick, 99 R.I. 692,210 A.2d 589 (1965), the petitioner had relied to his or her detriment on a building permit issued by the city or town. The Rhode Island Supreme Court held that building permits lawfully issued for a permitted use should not be revoked because of a subsequent amendment to the zoning ordinance when the holders of the permits had in good faith initiated construction while relying on that permit. Id.
In the present case, the Board found that the building permits were never lawfully issued. Although plaintiffs may have received building inspector approval for construction of the addition with a kitchen, the building inspector had no authority to approve the permits for the "in law" apartment with a kitchen unit. Building inspectors are without authority to do anything in the course of issuing permits for the erection of structures other than to determine that the proposed construction conforms to the terms of the pertinent provisions of the zoning ordinance.Arc-Lan Co. v. Zoning Board of Review of North Providence,106 R.I. 474, 476, 261 A.2d 280, 282 (1970).
The rule of building inspector reliance has consistently been applied to situations wherein a subsequent amendment to a zoning ordinance prohibited the use authorized by the permit. However, here the subject area was zoned residential single-family in 1972 and continues to be zoned residential single family.
Furthermore, building inspector reliance requires that the applicants act in good faith and reasonably rely on the building inspector's actions. The Board did not find that the plaintiffs acted in good faith, nor did they find that the plaintiffs reasonably relied on the building inspector's actions. The Board openly questioned whether the plaintiffs had come before them with clean hands, as the Board indicated that the plaintiffs may have been simply trying to circumvent the normal procedure of obtaining a variance.
The plaintiffs additionally argue that their petition is not barred by the doctrine of administrative finality. In Marks v.Zoning Board of Review of City of Providence, 98 R.I. 405,203 A.2d 761 (1964), the Rhode Island Supreme Court reaffirmed its position that a zoning board is not authorized to reverse a prior decision denying a variance unless there has been a "substantial or material change in circumstances." The Court noted that the burden of proof is on the applicant to demonstrate a substantial or material change in conditions. Id.
The plaintiffs maintain that their building the "in law" apartment in reliance upon the approvals by the building inspector and statements by the Board is enough to demonstrate a substantial or material change in circumstances. They claim that the fact that twenty-three years have passed between the filings of application for relief adds additional support to their argument.
The legally competent evidence, however, does not support the plaintiffs' contentions that there has been a substantial or material change in circumstances. In 1972, the plaintiffs sought a use variance to construct the second dwelling unit on their property. The Board unanimously rejected the application, and the plaintiffs never appealed. In 1995, the plaintiffs attempted to legalize the second dwelling unit, which they had constructed despite the 1972 denial. Essentially, the plaintiffs were seeking the same relief that was denied in 1972. While taking judicial notice of the 1972 decision, the Board once again unanimously rejected the plaintiffs' petition. Accordingly, since the relief requested in 1995 is the same as the relief sought in 1972, the doctrine of administrative finality bars the repetitive petition.
The plaintiffs also argue that the Board's May 16, 1995 written decision is not consistent with the record. They claim the written decision contains conclusions and legal citations which are not reflected in the transcripts of the April 25, 1995 hearing and May 2, 1995 zoning board deliberations.
The Rhode Island Supreme Court has recognized that zoning boards should set forth the reasons and grounds for their decisions so that courts of review can ascertain from the record the basis for those decisions. Richards v. Zoning Board of Reviewof Providence, 100 R.I. 212, 213 A.2d 814 (1965). This Court is able to ascertain from the evidence of record findings of fact that clearly support the Board's written decision.
After a review of the entire record, this Court finds that the decision of the Board is supported by reliable, probative, and substantial evidence of record and that the petitioners' rights have not been thereby prejudiced.
Counsel shall prepare the appropriate judgment for entry.