DECISION
This is an appeal from an October 3, 1996 decision of the Providence Zoning Board of Review (Board). Malcolm Farmer, III, and Susan L. Farmer (appellants) seek reversal of the Board's decision to grant the requested variances for the property located at 328 Thayer Street on the East Side of Providence, Rhode Island. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
FACTS/TRAVEL
On March 26, 1970, the Providence Zoning Board of Review granted a use variance for real estate located at 328 Thayer Street in Providence, Rhode Island, specifically referred to as Lots 419 and 421 on Assessor's Plat 10. This variance allowed a one-family dwelling in a residential zone to be utilized as two doctors' offices on the first floor; one apartment on the second floor; further provided that the third floor not be used; and that (6) six parking spaces be made available. See Exhibit 5. Since 1970, two obstetricians have operated their professional practices from these premises. (9/24/96 Tr. at 20)
On August 16, 1996, Clinton B. Potter, M.D., the owner of the property, along with Michael A. Fuller, Janice Fuller, and George E. Maurice, conditional buyers of the property, applied to the Board for multiple variances. See Application for Variances, August 16, 1996. Specifically, the application requested relief from Sections 200, 303 — use code 46, 607.1 and 703.2 of the Providence Zoning Ordinance in the proposed expansion of the use of the building from two doctors' offices and one apartment to two veterinarians' offices and two apartments. See Resolution No. 7997. The application also sought relief from regulations governing a permitted use, as the proposed use is not allowed in a Residence R-1 and College Hill Historic District. Id. Further relief was also sought from sign restrictions and parking requirements. Id.
September 24, 1996, at a properly advertised, scheduled hearing, the Board heard testimony regarding the application for multiple variances concerning the property at 328 Thayer Street. The Board heard testimony from James M. Sloan, a real estate expert who testified on behalf of the applicants, along with testimony of William J. McGovern, a real estate expert who testified on behalf of the objectors. In addition, the Board heard testimony from Janice Fuller, one of the applicants, as well as several members of the community who objected to the application. At the conclusion of the hearing the Board voted to approve the application for the requested variances. On October 3, 1996, the Board issued written findings of fact and granted the requested variances. See Resolution No. 7997.
The appellants filed a timely appeal to this Court asserting that the Board's decision of October 3, 1996, was clearly erroneous in view of the evidence of record. The appellants further contend that the Board's decision was an abuse of discretion, violated the applicable statutes and zoning ordinances, and was based on an error of law.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure ;
 "(4) Affected by other error of law ;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
The Doctrine of Administrative Finality
Appellants argue that the granting of the requested variances is in derogation of the Providence Zoning Ordinance and the applicable Rhode Island General Laws. They further assert that the Board should not have granted the applicants' request for zoning relief.
The propriety of such an application depends first upon its compliance with the doctrine of administrative finality. May-DayRealty Corp. v. Bd. of Appeals, 267 A.2d 400, 401-02 (R.I. 1970). According to this doctrine, "where a zoning board of review has once denied an application for a special exception or variance, such board lacks jurisdiction to grant a later application for the same relief, absent evidence from which the board could first find that subsequent to such denial there has been a material change in circumstances on which that denial was predicated."Gilman v. Zoning Bd. of W. Warwick, 103 R.I. 612, 613 (1968).
In most cases involving application of this doctrine, a first application had been denied and the same relief was sought via a second application.[1] The doctrine is not confined to such circumstances. See 3 Anderson, American Law of Zoning 3d., § 22.5 at 156-57. ("Unless a change of circumstances has intervened, the doctrine of res judicata applies and the board may not reopen the matter and reconsider its decision.")
Indeed, the doctrine of administrative finality bars an applicant who had received an exception subject to certain conditions from obtaining a second exception unencumbered by the restriction "absent a showing of changed circumstances." Audettev. Coletti, 539 A.2d 520, 521-22 (R.I. 1988). Accordingly, although the appellees' application to the 1996 Providence Zoning Board was treated as an application for a subsequent variance, the doctrine of administrative finality is applicable.
In the instant action, the Board granted a variance allowing a single apartment on the premises in 1970. An examination of the record indicates that the applicants did not demonstrate in their request for a second apartment on the same premises that a substantial change in circumstances occurred to justify the Board's hearing the August 16, 1996 application for relief for a second apartment. This Court finds that the 1996 application for a variance for two apartments on the premises of 328 Thayer Street was substantially similar to the 1970 variance that allowed for only one apartment on the premises. In addition, this Court finds that the application for a second apartment should not have been heard by the 1996 Board for the applicants failed to demonstrate a substantial change in circumstances and thus their application was barred by the doctrine of administrative finality.
The Variances
The appellants also argue that the record is devoid of evidence to support the granting of a use variance for two veterinarian offices in place of the doctors' offices along with the additional apartment. This Court finds the record lacks reliable evidence to support the granting of such a use variance.
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained,
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . ." "A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19 (C), which requires `a showing of deprivation of all beneficial use of property.'"
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements . . ." "A petitioner seeking a deviation need show only an adverse impact amounting to more than mere inconvenience." Bamber v. Zoning Board of Review, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
It is well-settled that in zoning cases, a zoning board should "pinpoint the specific evidence upon which [it] base[s] [its] findings." Hopf v. Board of Review of Newport, 102 R.I. 275,230 A.2d 420, 428 (1967). The law requires this minimal showing so that a reviewing court can know whether the decision rendered "bears a substantial relation to the public interest, and whether it is consistent with an exercise of reasonable discretion, or instead is an arbitrary and unreasonable exercise of the Board's power." Coderre v. Zoning Board of Review, 102 R.I. 327,230 A.2d 247, 249 (1967).
In the instant case, although the Board listed findings of fact reflecting that the proposed use will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or Comprehensive Plan and that the land and structure can yield no beneficial use if the variance is denied, there is probative and substantial evidence in the record which establishes that the proposed use variance is not necessary for the beneficial use of the property. For instance, the record is replete with evidence that use of the property as a combined doctor's office/apartment, as presently allowed, is a beneficial use. (9/24/96 Tr. at 33) In addition, the real estate expert for the appellee himself readily acknowledged in his own report that medical offices existed throughout the area. (Sloan's Report at 2) Therefore, this Court finds that the Board's decision granting the application for a use variance to convert two doctors' offices with an apartment to two veterinarians' offices and two apartments is clearly erroneous in light of the lack of substantial evidence before it warranting the granting of relief. A careful review of the record reveals a lack of evidence to support the conclusion that the use of the property as two veterinarians' offices and two apartments is necessary for the land and structure to yield any beneficial use.
As to the application for relief from the parking restrictions of § 703.2 of the Providence Zoning Ordinance, this Court finds the record is devoid of any evidence demonstrating that "the hardship that will be suffered by the owner, if the dimensional variance are not granted, amounts to more than a mere inconvenience. . . . ." Resolution No. . . . . . 7997. Accordingly, the Court finds that the Board acted arbitrarily in granting said relief, and the granting of such relief was erroneous due to the lack of evidence in the record.
After a review of the entire record, this Court finds that the Providence Zoning Board of Review's decision of October 3, 1996, was clearly erroneous in light of the reliable evidence of record. As a result thereof, the appellants' rights have been prejudiced. The October 3, 1996 decision of the Providence Zoning Board of Review is hereby reversed.
Counsel shall submit an appropriate order for entry.
[1] See May — Day Realty Corp., 267 A.2d at 401-02;Gilman, 103 R.I. at 613; Burke v. Zoning Bd. of Review,238 A.2d 50, 52-53 (R.I. 1968); Marks v. Zoning Bd. of City of Providence,203 A.2d 761, 762-63 (R.I. 1964); Churchill v. Zoning Bd. ofReview, 201 A.2d 480, 481 (R.I. 1964); Day v. Zoning Bd. ofReview of City of Cranston, 167 A.2d 136, 139 (R.I. 1961).