DECISION
The appellants, John Zambarano and Cheryl J. Zambarano (appellants), timely appeal a decision of the appellee, the Zoning Board of Review of the Town of North Providence (Board), which granted appellee, Gina Labutti (Labutti), a variance from the Town of North Providence Zoning Ordinance (Ordinance). Labutti is the owner of unimproved real property located on Sadler Street in the Town of North Providence, and delineated as Assessor's Plat 10, Lots 147 and 150 (property). The property is located in a Residential General Zone and has a lot area of 4,200 square feet and a lot width of 60 feet. Labutti proposes to construct a single-family residence, approximately 40 feet by 26 feet in size, on the property. In an application to the Board, dated March 21, 1996, Labutti sought relief from the Ordinance, which requires a minimum lot area of 8,000 square feet and a minimum lot width of 70 feet.
On April 30, 1996, the Board held a properly noticed public hearing concerning Labutti's application. At the hearing, Labutti presented to the Board the expert testimony of Thomas Sweeney (Sweeney), a real estate appraiser. Sweeney testified that the property is equal in lot size to adjacent lots, and the proposed construction is compatible with current land uses in the neighborhood. Sweeney also testified that the proposed construction would contribute to the orderly development of the neighborhood; would neither adversely affect the values of neighboring properties nor the public health, safety and convenience; and would not create a nuisance in the neighborhood.
However, the certified record inter alia also contains the following evidence. During the hearing, the Chairman of the Board, Henry Giammarco (Giammarco), asserted that approximately in November 1990, Mr. Iacona (Iacona) submitted an application for relief to the Board. Iacona requested relief from the minimum lot area and minimum lot width requirements of the Ordinance for the construction of two single-family residences on unimposed property delineated as Assessor's Plat 10, Lots 147, 150, 151, and 154. The transcript indicates that although the application named Iacona as the owner of the four lots, Iacona owned Lots 151 and 154, and Labutti, his daughter, owned Lots 147 and 150 — the property. Giammarco acknowledged that the Board denied Iacona's application for relief to construct two single-family residences on the lots. The record also indicates that sometime after the Board denied Iacona's application, Iacona combined Lots 151 and 154 with Lots 152 and 153 to meet the Ordinance requirements and constructed a single-family residence.
Moreover, the Board heard testimony from Joe L. Zambarano (Zambarano), who testified that Labutti's application for relief from the Ordinance and proposed construction of a single-family residence on the property is essentially the same as Iacona's request for relief and proposal to construct one single-family residence on Lots 151 and 154 and another single-family residence on Lots 147 and 150 — the property. Zambarano also asserted that the Board denied Iacona's application for relief from the Ordinance, and that the circumstances surrounding the property for Labutti to receive the same relief that previously was denied by the Board to construct a single-family residence on the property have not changed in the interim. In a decision dated May 22, 1996, the Board determined that "the proposed use would not be detrimental to the surrounding area, it is the only two lots [Labutti] owns and pays taxes on" and approved Labutti's application for relief from the Ordinance.
This Court has long recognized the doctrine of administrative finality. Our Supreme Court has held that "the authority of a board to reverse a prior determination is a qualified one and is not to be exercised unless there has been a substantial or material change in the circumstances or conditions intervening between the two decisions." Burke v. Zoning Bd. of Review of the Town of North Providence, 103 R.I. 404, 408, 230 A.2d 50, 54 (1968). The Court is unable to determine from the certified record, and the memoranda of law submitted by the parties are silent, as to whether the Board addressed the issue of administrative finality in approving Labutti's application. The Court determines that this matter should be remanded to the Board for the following reasons and with the following instructions.
Upon the Board hearing the assertions by Giammarco and the testimony by Zambarano that the relief sought by Labutti previously had been submitted to the Board via Iacona's application, and that the Board denied such application, the Board was required to consider and to make findings concerning the doctrine of administrative finality in ruling on Labutti's application. The Board is instructed on remand to make the requisite findings of fact and conclusions of law concerning whether the doctrine of administrative finality applies to Labutti's application. If the doctrine of administrative finality does apply to Labutti's application, then the Board shall determine whether Labutti presented sufficient evidence for the Board to find a change in circumstance sufficient to except the case from the application of the doctrine of administrative finality.
Counsel shall submit to the Court the appropriate agreed upon order for entry in accordance herewith within ten days.