DECISION
This is an administrative appeal of the June 14, 2000 decision of the Coastal Resources Management Council ("CRMC"), which granted the application of Eric Marziali ("Appellee") for the construction of a dock in the coastal waters off his residential property. Jurisdiction is pursuant to G.L 1956 § 45-35-15.
 Facts and Travel of the Case
The Appellee and his wife purchased their house located at 9 Araquat Road, Watch Hill, Rhode Island on April 20, 1998. Approximately one month later, Appellee applied to the CRMC for an Assent to construct a boating dock in the "Type 2" waters adjacent to his residential property. Residential docks, as are residential boating facilities, public launching ramps, and structural shoreline protection facilities, are permitted in this type of water areas.
A duly appointed Subcommittee held public hearings on September 23, 1999, November 10, 1999, and November 17, 1999 regarding his application. Expert and lay testimony on the matter was presented at the hearings. Additionally, the CRMC conducted a workshop on February 22, 2000, pursuant to the Administrative Procedures Act to resolve the matter and visited the site before reporting its findings and recommendations to the full sixteen member CRMC. In its June 14, 2000 decision, the CRMC adopted all of the subcommittee's recommendations and granted the Appellee's application. (See Decision attached.) Thereafter, the Appellants — Alan J. Hruska; Laura M.C. Hruska; Elizabeth Driscoll, Trustee; and Douglas J. Crawford, Trustee ("Appellants;") — filed this appeal and a motion to stay the performance of the CRMC Assent. The motion was denied by Justice Silverstein, who permitted the construction of the dock on the condition that the Appellee deposit $40,000 in the Court Registry. The Appellee complied and on September 15, 2000, the construction of the dock was completed. The instant appeal followed.
 Standard of Review
The review of a CRMC decision by this Court is controlled by G.L. § 42-35-15(g) of the Administrative Procedures Act, which provides for review of contested agency decisions:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency decision, pursuant to § 42-35-15, the Superior Court sits as an appellate court with a limited scope of review. Mine Safety Appliances v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). The Superior Court is limited to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Johnston Ambulatory Surgical Associates, Ltd v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (quoting Barrington School Committee v. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992)). If there is sufficient competent evidence in the record, the court must uphold the agency's decision. Id. at 805 (citing Barrington School 608 A.2d. at 1138.) A judicial officer may only reverse the findings of the administrative agency in instances wherein the conclusions and the findings of fact are "totally devoid of competent evidentiary support in the record," Bunch v. Board of Review, 690 A.2d 335, 337 (R.I. 1997) (quoting Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981)), or from the reasonable inferences that might be drawn from such evidence. Id. at 337 (quoting Guarino v. Department of Social Welfare, 122 R.I. 583, 588-89,410 A.2d 425, 428 (1980)). Additionally, questions of law are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts. Narragansett Wire Co. v. Norberg, 376 A.2d 1, 16 (R.I. 1977), Bunch 690 A.2d. at 337.
 The Decision of the Agency
The Appellants argue that the CRMC erred in reaching its decision. Specifically, the Appellants argue that the CRMC improperly abridged the doctrine of administrative finality and applied the wrong standard of review in reaching its decision to grant the Appellee's application for a dock. The Appellants aver that the CRMC failed to show that a "substantial change in circumstances" occurred on the subject property to warrant its decision, which is required under the doctrine of administrative finality before an agency modifies its prior decision. See Mark v. Zoning Board of Review, 98 R.I. 405, 203 A.2d 761, and Burke v. Zoning Board of Review, 103 R.I. 404, 238 A.2d 50. Alternatively, the Appellees point out that the Appellants' argument as to administrative finality was already considered and dismissed by the CRMC as "overly broad and factually inapplicable to the instant matter." The Appellees reiterate this point on appeal.
The application of the doctrine of administrative finality, as stated in Burke,
 "was not intended to foreclose jurisdiction in such boards to hear successive applications . . . [T]he authority of a board to reverse a prior determination is a qualified one and is not to be exercised unless there has been a substantial or material change in the circumstances or conditions intervening between the two decisions." Id., 103 R.I. at 408.
In the present action, the CRMC granted three Assents (Nos. A93-10-5, B96-9-72, and A96-9-72) on the subject property prior to the Appellee's purchase of the property. According to the Appellants, the CRMC stipulated in these Assents that there was to be no further development on the lot or near the water's edge or in the water itself. (Appellants' Memorandum at 1.) They contend that the Assent granting the Appellee's application for a dock (No. 98-7-49) modified these earlier Assents and accordingly, they argue, it was necessary that the CRMC first show how the circumstances were "substantially changed" under the doctrine of administrative finality.
As to these prior Assents issued by the CRMC with regard to the subject property, these Assents were issued to the prior owners (the Kelloggs Family) and not the Appellee. The prior Assents pertained to the house the Kellogs constructed on the smaller of their two lots, "Lot 4A," the property now owned by the Appellee. As accurately stated by Appellee's counsel in their Memorandum, Assent No. A96-9-72 superseded Assent No. B 96-9-72, just as Assent No. B96-9-72 superseded Assent No. A93-10-5. Therefore, the only Assent in effect at the time the Appellee purchased the lot was Assent No. A96-9-72, which contained the following language:
 "Nothing in this assent shall be construed to impair the legal rights of this granting authority or of any person.
 Permits issued . . . are . . . for a finite period of time, confer no property rights. . . . Permits imply no guarantee of renewal, and may be subject to denial, revocation, or modification.
 Application for future alteration of the shoreline or other construction or alteration within the CRMC jurisdiction shall be submitted to the CRMC for review prior to commencing such activity . . .
 Any activities or alterations . . . which deviate from the approved plans which deviate from the approved plans will require a separate application and review."
This Court finds that the doctrine of administrative finality is inapplicable to the case at bar. The doctrine of administrative finality dictates that an applicant may not challenge administrative action by filing identical repetitive applications. Palazzolo v. State, 746 A.2d 707, cert. granted 121 S.Ct. 296, 148 L.Ed.2d 238 (R.I. 2000) Where the Administrative Procedures Act applies, for example, one must instead bring any challenge in Superior Court in accord with the Act. Id. Here, the Appellee's application was neither identical nor repetitive. The Appellee requested his first application to build a dock from the same entity which granted a different owner prior Assents on the land for an entirely different matters pertaining to a house. The mere fact that prohibitory language was used in the prior Assents does not preclude that entity from treating future applications on the same property for different requests on a case-by-case basis. The language of the prior Assent, set forth above, confirms this point.
The CRMC stated that "[a]pplication for future alteration of the shoreline or other construction or alteration within the CRMC jurisdiction shall be submitted to the CRMC for review prior to commencing such activity. . . ." The CRMC clearly reserved its jurisdiction to address future alterations, and it did not preclude itself from addressing future applications merely because they might involve the same property.
Furthermore, even assuming arguendo that the doctrine of administrative finality applied to the facts in issue here, as argued by the Appellants, this Court is not persuaded that the CRMC has failed to show that the circumstances were "substantially changed" from the time the prior Assents were granted by the CRMC. As previously mentioned, the prior Assents pertained to the construction of a house on the property and the location of that house. The prior Assents were granted to prior owners who never sought permission to have a residential dock. This is the first application of the Appellee and the first application requesting a dock. The Appellee, in seeking the CRMC's approval, followed the proper procedure for his request for a right that has long been recognized in this state:
 "[i]t has long been established in Rhode Island that a riparian land owner possesses a common-law right to wharf out. Under this common law right, the riparian land owner has the right to construct whatever wharf or dock is necessary to gain access to navigable waters, as long as such construction does not interfere with navigation or the rights of other riparian land owners. As with any aspect of common law, that right is subject to limitation by statute. In the past, the Legislature limited this right through the establishment of harbor lines that marked the point beyond which no wharf could extend. Today, it is clear that the Legislature has chosen to limit the right to wharf out by requiring land owners to gain approval from CRMC before constructing a wharf or a dock in tidal waters." Town of Warren v. Thornton-Whitehouse, 740 A.2d 1255, 1260 (R.I. 1999).
Therefore, even if this Court were to view the doctrine of administrative finality as applicable, the record reflects that the CRMC had before it evidence of a substantial change in circumstances.
The Appellants argue secondarily that the CRMC's finding that the Appellee's "dock span complies with standards contained in Section 30.4.e [of the CRMC Program Book]," contained in paragraph twenty-one of the decision was wholly unsupported by the evidence of record. They argue that the CRMC, in reaching its decision, completely overlooked the fact that the Appellee failed to establish that the proposed dock met the required setbacks from adjoining properties. The Appellants further maintain that the Appellee's failure to show conformance to the required riparian setbacks from the adjoining extended property lines is further proof that the CRMC's decision lacked substantial evidence. Thus, they argue, the decision to grant the Appellee's application was erroneous, and the agency decision should be reversed by this Court.
At the outset, Counsel for the CRMC and the Appellee ("Appellees") argue that the dock required no variances and met all CRMC requirements including the provision with respect to required setbacks. When the CRMC approved the application, they argue, it concluded that the application satisfied all applicable provisions of the Coastal Resources Management Program ("CRMP").
Furthermore, Appellees note that expert and lay testimony was presented at the subcommittee hearings regarding Appellee's compliance and the subcommittee conducted a site visit of the property.
The record indicates that after conducting a workshop on the matter, the subcommittee recommended at a regular meeting of the Full Council on May 9, 2000 that the application be granted. At that time, the Council received record of the subcommittee meetings (which included a 380-page transcript of the subcommittee hearings) and staff comment and furthermore, provided an opportunity for parties to introduce new evidence. The Council then heard further testimony and reviewed various exhibits and memoranda of law submitted by the parties. The Appellees attest that in light of the foregoing, the CRMC's decision is clearly supported by substantial evidence.
This Court finds that substantial evidence supports the CRMC's decision to grant the Appellee his dock. The subcommittee visited the site in person before recommending that the Appellee's application be granted. The record demonstrates that expert testimony was presented which claimed that the dimensions of the dock met the agency's requirements. During the subcommittee hearings, Mr. Cherenzia (President and Principal Engineer of Cherenzia and Associates, Ltd.) testified that the proposed dock is set back more than 25 feet outside of the neighbor Wallace's abutting property line. Mr. Cherenzia also testified that the proposed dock is set back more than 25 feet outside the Wallace's abutting property line. He further testified that his office had prepared a Class 1 Plan accurately delineating the relevant land boundaries. (Tr. 184-188). Additionally, his testimony stated that his office "had done a survey of the [Appellee's] property in the past and the property lines as indicated are precise . . . and when reviewing the extension of the property lines, both on the south and the north, the riparian line extensions do not interfere or come within 25 feet of the proposed dock." (Tr. at 150). Testimony was also heard from Mr. Shea, a Certified Professional Wetlands Scientist, who conducted a submerged aquatic vegetation ("SAV") study in the proposed dock site area. (Tr. at 200). No species of concern were found "anywhere within the vicinity of this property, or within the proposed construction area." In his expert opinion, Mr. Shea concluded that the dock, its construction, and the Appellee's associated use of the dock would have no appreciable impact upon the existing coastal wetlands, SAV, fish, or wildlife.
The CRMC is "authorized to approve, modify, set conditions for, or reject" any proposed "development or operation within, above, or beneath the tidal water below the mean high water mark," within certain limits set forth in the statute. Town of Warren v. Thornton-Whitehouse,740 A.2d 1255, 1260 (R.I. 1999). The State Legislature has entrusted "exclusive jurisdiction" in the CRMC "over wharves[1] in tidal waters, beginning at the high water mark." Id. Clearly, it is well within the CRMC's statutory authority to determine whether the Appellee's application for a dock should be granted.
Therefore, this Court examines the entire record to determine whether there is substantial evidence to support the Council's decision. This Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984):
 "Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . It means more than merely `some' or `any' evidence and more than a scintilla of evidence. The element of `substantiality' is further refined by the `whole record' requirement of § 42-24-20(5). On appeal, the Superior Court must not abdicate its traditional function, but rather it must scrutinize the record as a whole to determine whether the findings of [an agency] are reasonable. If they are, they must be upheld." Apostolou et al. v. Genovesi, 388 A.2d 821, 120 R.I. 501 (1978).
Judicial review of an administrative decision is designed primarily to confine agency's activities to jurisdiction conferred upon it by the General Assembly. E. Grossman Sons, Inc. v. Rocha, 373 A.2d 496,118 R.I. 276 (1977). After a thorough review of the entire record, this Court finds the agency in this case, the CRMC, has acted both within its authority and upon substantial evidence of record. Accordingly, the June 14, 2000 decision of the CRMC granting the Appellee's application for construction of a dock off his residential property is therefore affirmed.
Counsel for the prevailing party shall submit the appropriate order for entry.
[1] The Supreme Court uses the term "wharf" synonymously with the word, "dock" according to its first footnote.